THE PEOPLE OF THE STATE OF NEW YORK ex rel JOSEPH C. HIGGINS, RESPONDENT, v. HUGH J. GRANT, MAYOR, ETC., AND OTHERS, COMPOSING THE BOARD OF CITY RECORD, APPELLANTS.

*Return to a writ of* certiorari —*part of it cannot be stricken out by the court as irrelevant — if incomplete a further return may be ordered.*

While the officers of a board, to which a writ of *certiorari* is directed, are required to return no more than a full account of the proceedings to be reviewed by means of the writ, no authority has been given to the court to strike out any part of the return because it may be irrelevant.

Where omissions exist in the return, so that a full and complete return of the proceeding has not been made, the power has been conferred upon the court to order the making of a further return.

APPEAL by the Mayor, Aldermen and Commonalty of the City of New York from an order made at a Special Term of the Supreme Court and entered in the office of the clerk of the county of New York on the 9th day of May, 1890, which granted the relator's motion and directed that the return to a writ of *certiorari* issued in the above-entitled matter be amended, by omitting therefrom certain resolutions or proceedings, and by including therein certain requests made by the relator at a meeting of September, 1889, " to be confronted with the proofs and witnesses against him, and to call witnesses in his behalf."

*Woolsey Carmalt,* for the appellants.

*John Jeroloman,* for the respondent.

DANIELS, J. :

The course of proceeding to be taken and followed in applications for and proceedings upon writs of *certiorari* are now regulated and governed by the statute. And while the officers or boards to which the writ shall be directed are required to return no more than a full account of the proceedings to be reviewed by means of the writ, no authority has been given for striking out any part of the return because it may be irrelevant. The officers and boards to which the writ is frequently directed are not so accustomed to preside over legal proceedings as to ensure a strict observance of the directions and province of the writ in making their return. They are liable to transcend as well as to fall short of the directions in making their return. And when they have returned matters not relevant to the review of their proceedings, it has not been the practice to strike them out, but to disregard such matters in the hearing of the return. The court is more competent to do that than the persons usually are who are required to make the return. The statutory provisions contain no authority for correcting the return on motion by striking from it irrelevant statements. But the practice has been to permit them to remain in the return, and to review the decision made upon what took place upon and in connection with the hearing and

decision. That, too, is the safer course to be followed, for if the court, on motion, were permitted to strike out portions of the return it might be induced to extend its corrective authority to the exclusion of what might be very essential to a correct determination of the case. There is, at least, danger that the practice might result in injury to the relator's case, while there can be none in the exercise by the court of review of its unquestioned authority to consider only what may legally be pertinent to the case itself.

As to omissions, by which a full and complete return of the proceeding has not been made, there the case is clearly different. For the relator is then deprived of the right secured to him of a complete review of the proceeding against him. To avoid that the power has been provided for the court to order a further return. (Code of Civ. Pro., § 2135.) And it previously existed as fully as it has been here provided.

To entitle him to a further return the relator has sworn that the return is defective in the respects ordered to be supplied. It is not entirely clear that he is right, but, to avoid the possibility of injustice, a fuller statement from the board of the requests made by and on behalf of the relator, and the disposition made of them, are proper, for upon them and the disposition made of them his case may very considerably depend. The part of the order requiring the further return as to these matters was proper, and it should be maintained.

The order should, accordingly, be modified by reversing that part of it which directs any portion of the return to be stricken out, and denying so much of the motion, and affirming so much as directs the further return to be made. And this modification should be without costs of the appeal to either party.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order modified as directed in opinion, and, as modified, affirmed, without costs of the appeal to either party.