(7 Misc. Rep. 214.)

PEOPLE ex rel. LOVELL, Commissioner of Highways, v. MELVILLE et al. County Commissioners.

PEOPLE ex rel. HEVENER et al. v. SAME.

(Supreme Court, Special Term, Tioga County. January, 1894.

**1.** CERTIORARI—RETURN—MOTION TO STRIKE OUT.
    A motion will not lie to strike out part of the return on writ of certiorari, but it should be left to the general term to disregard so much of the return as is immaterial.

**2.** SAME—FURTHER RETURN.
    Where the return to a writ of certiorari to review the proceedings of commissioners appointed to determine the necessity of a highway omits no part of the record, and includes all the evidence on which respondents acted, and states that they reached their conclusion from the evidence and from personal inspection, it is not defective, within Code Civ. Proc. § 2135, providing for a further return.

Certiorari by Jacob Hevener and another against John C. Melville and others, commissioners, and by one Lovell against the same respondents. Relators move to strike from the returns certain matters alleged to have been improperly inserted. Denied.

Rockwell, McDowell & McCann, for relator Lovell.
Babcock, Baxter & Gibson, for relators Hevener and Tubbs.
James A. Douglass (Roswell R. Moss, of counsel), for defendants.

PARKER, J. On the 20th of April, 1893, the three defendants in this matter were appointed, by the county court of Chemung county, commissioners to determine the necessity of a proposed highway in the town of Elmira, and to assess the damages occasioned by reason of laying out the same. Such commissioners were appointed under the provisions of sections 83 and 84 of chapter 568 of the Laws of 1890. The proposed road passes through the lands of Jacob Hevener and Samuel Tubbs, each of whom appeared at the hearing before the commissioners. The commissioners made and filed a certificate, in which they decided that the road was necessary, and in which they assessed the damages accruing to Hevener at $75, and to Tubbs $125. Each of such owners has procured this writ of certiorari to review the proceedings of such commissioners, claiming that their proceedings were wholly without jurisdiction and unauthorized. Hevener claims it on the ground that it does not appear that either of the commissioners was a freeholder; also, that his premises through which the road passes are in fact such a yard as is exempted, by section 90, from the proceedings provided for by sections 83 to 89, inclusive. Tubbs put his claim on the ground that neither of the commissioners is a freeholder, and also that his premises through which the road passes is a vineyard, and that therefore, by section 90, it is ex-

empted from the proceedings under which the commissioners are appointed. The order appointing the commissioners is silent as to whether either of them is, or is not, a freeholder. The certificate containing the commissioners' decision does not contain any specific finding or decision as to whether the road passes through a vineyard on Tubbs' land, or a yard on Hevener's land, or whether or not any consent was given by either for such a passage. The commissioners have made a return to the certiorari served upon them, which purports to be a narrative of the appointment and of the proceedings had before them, and to which they annex the petition and order appointing them, the evidence taken before them, and the certificate or decision made and filed by them; but in such narrative they have included three statements to which the relators take exception, and who now make this motion to strike out the same from the said return. Such statements are substantially as follows: First. That the commissioners were each of them freeholders at the time of their appointment. Second. That although a portion of the land belonging to Tubbs, through which the road passes, was a vineyard, he (Tubbs), in open court, consented to the road passing through the same, and submitted to the commissioners the question of the damages. The record of their proceedings does not show any written consent given by him, nor do I understand that the commissioners claim that he gave any; merely that he appeared before them, and consented to their proceeding. Third. That the commissioners found and determined as a fact, from the evidence taken, and from their own inspection of the premises owned by Hevener, that the road did not pass through such a yard as is described in said section 90. The complaint of the relators is that, by these statements, facts are sought to be inserted into the case which were not established on the hearing, and which nowhere appear on the record, on which the authority to open the road alone rests. And the commissioner of highways of the town of Elmira, who has also obtained a writ of certiorari on the same ground, claims that the record made up upon the hearing, and filed, is his only authority for opening the road; that he must justify his acts by that, and that only, and that therefore, on a hearing to determine whether such record would protect him, no facts should be inserted in a return except such as appear in the record itself. The theory of this motion is that the return should contain the record only, and that the statements complained of are no part of the record, and hence should be stricken out. It is true that the object of this writ is to determine whether the commissioners, in opening this road, had jurisdiction to act, and it is also true that the hearing must be had upon the return. People v. Dains, 38 Hun, 43. It is also held that such a return should give the record only. People v. Schellenger, (Sup.) 10 N. Y. Supp. 947. But, if the return contains irrelevant or improper statements the general term, on hearing, will disregard them. In People v. Mayor, etc., of New York, 2 Hill, 9, it is said: "The writ of certiorari * * * removes nothing but the record (or other entry in the nature of a record) of the proceedings in the court be-

low; and, if the return contains anything more, it cannot be regarded." Also, in People v. Grant, 58 Hun, 158, 11 N. Y. Supp. 505, it is held that there is no authority for striking out any part of a return, and that the proper practice is to leave it to the general term to make its decision upon such part of the return as is properly there, and to disregard such parts as are immaterial. Thus, in the case at bar, it will be for the general term to decide whether the statements complained of could properly be added in aid of the record (if it appears that they are sustained by the record), and, if they may not be so added, that court will disregard them in making its decision. These cases seem to be direct authority against striking out the matter complained of.

As to the request that I order a further return, under the provisions of Code Civ. Proc. § 2135, requiring the defendants to state therein the facts upon which they based their conclusion as to whether Hevener's land was a yard, and Tubbs consented that they should open the road through his vineyard, I am of the opinion that such section does not apply to this case. It is not claimed that any part of the record (except the map) has been omitted in this return. If it had, that might be added under the above section. But this return already states that the commissioners reached their conclusion from the evidence (which is returned) and their inspection of the land; hence I do not see but that all the information which can be furnished the general term on that subject is already returned. An attempt to return the facts learned by their inspection would be but giving their evidence as witnesses on the question in dispute. All the evidence in the case is returned; and if it appears from it that the land of Tubbs and Hevener is such as they now claim it to be, and the record does not properly show any consent on the part of either to open the road through it, then the general term will have before it all the facts upon which the relators rely, and can give such force as ought to be given to the facts so appearing, notwithstanding the conclusion which the commissioners now state they reached on that question. If such evidence fails to show that the land is of the character claimed, then I do not see how, from the record, or from any source, the facts on which relators rely can be made to appear to the general term. Surely, those questions cannot now be tried out upon a reference ordered by me. People v. Ryken, 6 Hun, 625. I conclude, therefore, that so much of the motions as asks to strike out matter must be denied. So much as asks to add new matter to the return is also denied, except that the maps put in evidence, and which constitute part of it, should be returned with the evidence. An order to this effect may be entered in each of the cases before me, and $10 costs of motion in one case, only, is allowed to defendants.