Parker, J.
On the 20th of April, 1893, the three defendants in this matter were appointed by the county court of Chemung county commissioners to determine the necessity of a proposed highway in the town of Elmira, and to assess the damages occasioned by reason of laying out the same. Such commissioners were appointed under the provisions of §§ 83 and 84 of chapter 578 of the Laws of 1890. The proposed road passes through lands of Jacob Hevener and Samuel Tubbs, each of whom appeared at the hearing before the commissioners. The commissioners made and -filed a certificate, in which they decided that the road was necessary, and in which they assessed the damages accruing to Hevener at '$75, and to Tubbs,. $125.
Each of such owners have procured this writ of certiorari to review the proceedings of such commissioners, claiming that their proceedings were wholly without jurisdiction and unauthorized. Hevener claims it on the ground that it does not appear that either of the commissioners was a freeholder. Also that his premises through which the road passes are in fact such a yard as is exempted, by § 90, from the proceedings provided for by §§ 83 to 89 inclusive.
*556 _ Tubbs put his claim on the ground that neither of the commissioners is a freeholder. And also that his premises through which the road passes is a vineyard, and that, therefore, by § 90, it is exempted from the proceedings under which the commissioners are appointed.
The order appointing the commissioners is silent as to whether either of them is or is not a freeholder.
The certificate containing the commissioners’ decision does not contain any specific finding or decision as to whether the road passes through a vineyard on Tubbs’ land, or a yard on Hevener’s land, nor whether or not any consent was given by either for such a passage.
The commissioners have made a return to the certiorari served upon them, which purports to be a narrative of the appointment and of the proceedings had before them, and to which they annex the petition and order appointing them, the evidence taken before them, and the certificate or decision made and filed' by them. But in such narrative they have included three statements to which the relators take exception, and who now make this motion to strike the same from the said return. Such statements are substantially as follows:
First That the commissioners were each of them freeholders at the time of their appointment.
Second. That although a portion of the land belonging to Tubbs, through which the road passes, was a vineyard, he, Tubbs, in open court, consented to the road passing through the same, and submitted to the commissioners the question of the damages. The record of. their proceedings does not show any written consent given by him, nor do I understand tlqat the commissioners claim that he gave any; merely that he appeared before them and consented to their proceeding.
Third. That the commissioners found and determined as a fact, •from the evidence taken and from their own inspection of the premises owned by Hevener, that the road did not pass through such a yard as is described in said § 90.
The complaint of the relators is that by these statements facts are sought to be inserted into the case which were not established on the hearing, and which nowhere appear on the record on which the authority to open the road alone rests.
And the commissioner of highways of the town of Elmira, who has also obtained a writ of certiorari on the same ground, claims that the record made up upon the hearing and filed is his only authority for opening the road. That he must justify his acts by that, and. that only, and that, therefore, on a hearing to determine whether such record would protect him, no facts should be inserted in a return except such as appear in the record itself. The theory of this motion is that the return should contain the record only, and that the statements complained of are no part of the record and hence should be stricken out.
It is true that the object of this writ is to determine whether the commissioners in opening this road had jurisdiction to act, and it is also true that the hearing must be had upon the return. *557 People ex rel. Downey v. Dains, 38 Hun, 43. It is also held that such a return should give the record only. People ex rel. Waterman v. Schellinger, 32 St. Rep. 353. But if the return contains,irrelevant or improper statements, the general term on hearing will disregard them.
In People ex rel. Agnew v. Mayor, etc., 2 Hill, 9, it is said: The writ of ce7-tiorari * * * removes nothing but the record (or other entry in the nature of a record) of the proceedings in the court below. And if the return contains anything more, it cannot be regarded.”
Also, in People ex rel. Higgins v. Grant, etc., 58 Hun, 158; 33 St. Rep. 810, it is held that there is no authority for striking out any part of a return, and that the proper practice is to leave it to the general term to make its decision upon such part of the return as is properly there and to disregard such parts as are immaterial.
Thus, in the case at bar, it will be for the general term to decide whether the statements complained of could properly be added in .aid of the record (if it appears they are not sustained by the record), and if they may not be so added that court will disregard them in making a decision.
The cases seem to be direct authority against striking out the matter complained of.
As to the request that I order a further return, under the provisions of § 2135, requiring the defendants to state therein the facts upon which they based their conclusion as to whether Hevener’s land was a yard, and Tubbs consented that they should open the road through his vineyard, I am of the opinion that such section does not apply to this case. It is not claimed that any part of the record (except the map) has been omitted in his return. If it had, that might be added under the above section. But this return already states that the commissioners reached their conclusion from the evidence (which is returned) and their inspection of the land. Hence, I do not see but that all the information which can be furnished the general term on that subject is already returned. An attempt to return the facts learned by their inspection would be but giving their evidence as witnesses on the question in dispute. All the evidence in the case is returned, and if it appears from it that the land of Tubbs and of Hevener is such as they now claim it to be, and the record does not properly shovv any consent on the part of either to open the road through it, then the general term will have before it all the facts upon which the relators rely, and can give such force as, ought to be given to the facts so appearing, notwithstanding the conclusion which the commissioners now state they reached on that question. If such evidence fails to show that the land is of the character claimed, then I do not see how, from the record, or from any source, the facts on which the relators rely cap be made to appear to the general term. Surely those questions cannot now be tried out upon a reference ordered by me. People ex rel. Simonds v. Ryken, 6 Hun, 625. I conclude, therefore, that so. much of the motions as asks to strike out matter must be denied. So much as asks to add new matter to the return is also denied, except that *558 the maps put in evidence, and which constitute part of it, should be returned with the evidence.
An order to this effect may be entered in each of the cases before me, and ten dollars costs of motion in one case only is allowed to defendants.