THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADRIAN H. JOLINE et al., as Receivers of THE METROPOLITAN STREET RAILWAY COMPANY, Respondents, *v.* WILLIAM R. WILLCOX et al., Constituting the Public Service Commission of the State of New York for the First District, Appellants.

Public service commission — order of commission establishing through routes and fixing rates is quasi-judicial and reviewable by certiorari — return to writ of certiorari by commission — when evidence included therein will not be struck out on motion of relator.

An order requiring two connecting street railroad companies to establish through routes and joint rates and fixing the proportionate share of each company in such rates, made by the public service commission after a hearing granted to such railroad companies, is quasi-judicial in character, and, hence, subject to review by certiorari.

Where a certiorari is taken from such an order and the public service commission in its return of the proceedings, upon which its determination was based, includes not only the evidence and proceedings had at the hearings upon which the order purported to be made, but also *ex parte* evidence taken by the commission upon a general investigation and examination of the condition and management of a certain class of corporations within its jurisdiction, the relator is not entitled to an order striking out such evidence. Under the practice, great liberality is allowed in making a return to a writ of certiorari and the relevancy of the matters returned, and the right of the court below to base its judgment thereon should be reserved for determination upon the hearing to be had before the Appellate Division which has power to disregard evidence if it is deemed not properly before the court. (*People ex rel. Church* v. *Supervisors of Allegany,* 15 Wend. 198, distinguished.)

*People ex rel. Joline* v. *Willcox,* 134 App. Div. 563, reversed.

(Argued April 25, 1910; decided May 17, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1909, which reversed an order of Special Term denying a motion to compel the defendants to correct their return to a writ of certiorari by striking certain parts therefrom and granted said motion.

The facts, so far as material, are stated in the opinion.

28

*George S. Coleman* and *Oliver C. Semple* for appellants. The order of Special Term denying the motion to strike out portions of the return was in accordance with the practice of our courts. (*People ex rel. Higgins* v. *Grant,* 58 Hun, 158; *People ex rel. Toohey* v. *Webb,* 50 N. Y. S. R. 46; *People ex rel. Lovell* v. *Melville,* 7 Misc. Rep. 214.)

*John G. Milburn, Arthur H. Masten* and *Robert C. Beatty* for respondents. The writ of certiorari is issued to review a judicial or quasi-judicial determination and requires that the record of the proceedings, and of the proceedings only, in which the determination was made should be returned by the commission to which it is directed. Such right of review makes it necessary that the commission grant a hearing before determining the issues, and protects a litigant from the determination of his rights upon *ex parte* investigations of which he is not apprised and concerning which he is given no opportunity to present evidence or be represented by counsel. (*Vil. of Saratoga Springs* v. *S. G., E. L. & Power Co.,* 191 N. Y. 123; *People ex rel. Smith* v. *Hoffman,* 166 N. Y. 462; *People ex rel. Burnham* v. *Jones,* 112 N. Y. 597; *People ex rel. Heiser* v. *Gilon,* 121 N. Y. 551; *People ex rel. Clarke* v. *Roosevelt,* 168 N. Y. 488; *People ex rel. Shuster* v. *Humphrey,* 156 N. Y. 231; *People ex rel. Shiels* v. *Greene,* 179 N. Y. 195.) Full power is conferred upon the court to correct a return to a writ of certiorari by directing a further return omitting schedules improperly included, and the facts disclose that the portion of the return objected to should be struck out. (Code Civ. Pro. § 2134; *People ex rel. Church* v. *Bd. of Supervisors,* 15 Wend. 198; *People ex rel. Waterman* v. *Schellenger,* 32 N. Y. S. R. 353; *People ex rel. Agnew* v. *Mayor, etc.,* 2 Hill, 9; *People ex rel. Meehan* v. *Greene,* 103 App. Div. 393; *People ex rel. Fitzgerald* v. *Feitner,* 37 App. Div. 362.)

HAIGHT, J. It appears that the Public Service Commission of the first district made an order known as No. 752 for

a hearing to be had on the second day of October, 1908, for the purpose of determining whether Adrian H. Joline and Douglas Robinson, as receivers of the Metropolitan Street Railway Company and the Central Park, North and East River Railroad Company, should establish through routes and joint rates over their respective roads for transportation of passengers. Upon this order a hearing was had, which resulted in a final order, No. 815, in which the respective companies were required to establish through routes and joint rates, the fare not to exceed five cents for each passenger for through transportation and that of such rate the receivers of the Metropolitan Street Railway Company were entitled to retain three and three-quarter cents and the Central Park, North and East River Railroad Company one and one-quarter cents thereof. An application was then made on behalf of the relators for a rehearing, and upon the conclusion of such rehearing a further order was made, No. 830, which confirmed the former final order, No. 815. Thereupon the relators procured a writ of certiorari to be issued, in which they demanded a return by the commissioners of all the proceedings had by them under and by virtue of their order No. 752 and of the proceedings upon the rehearing resulting in orders Nos. 815 and 830. A motion was then made on behalf of the commissioners to quash the writ, but this motion was denied upon the ground that the determination of the commission was of a quasi-judicial character, and, hence, subject to review by certiorari. (*People ex rel. Joline* v. *Willcox,* 129 App. Div. 267; affirmed, 194 N. Y. 383.) A return was then filed by the commissioners of the proceedings had before them under order No. 752 and the order for rehearing, and in addition thereto certain other proceedings held under a resolution known as order No. 615, in which it was resolved by the commissioners that they "investigate and examine the general condition of each and every common carrier, railroad, street railroad, railroad corporation, street railroad corporation, and corporation controlling or operating any common carrier, railroad or street railroad within its jurisdiction, its

capitalization, its franchises and the manner in which its lines owned, leased, controlled, or operated, are conducted and operated, including the adequacy, security and accommodation afforded by its service and with respect to its compliance with all provisions of law and its charter requirements."

Upon the investigation instituted pursuant to such resolution many pages of testimony were taken with reference to the subjects embraced in the foregoing resolution, which was in the nature of an *ex parte* investigation, although counsel representing different witnesses and companies were permitted to be present but not to examine witnesses; except as a matter of courtesy they were allowed to suggest questions to the counsel for the commissioners, who was permitted to put the same in case he saw fit to do so. At the conclusion of such investigation, Mr. Milburn, as counsel for the relators, asked the commission as to whether this was to be regarded as a general investigation at which the companies had only the rights which courtesy extended to them, or as to whether it was to be regarded as a proceeding upon a hearing in which they could make an order affecting the revenues of the companies; that if it was claimed that it was such a hearing then he wanted an opportunity to introduce evidence on behalf of the relators. A lengthy discussion then took place between Mr. Milburn and the commissioners as to the nature and character of the investigation and as to the powers of the commissioners thereunder, but no determination of the question was then made. The proceedings were adjourned subject to the call of the chairman, and nothing further appears to have been done thereunder. The commissioners, however, in their return have included the testimony so taken, and state that they have based their determination fixing through routes and joint rates between the respective companies upon the evidence so taken, as well as that taken under order No. 752. It is the evidence taken under order No. 615 which the Appellate Division has required to be stricken from the return.

The Special Term refused the motion to strike out, for the reason that, under the practice of the court, great liberality is

1910.]    People ex rel. Joline *v.* Willcox.    437

N. Y. Rep.]    Opinion of the Court, per Haight, J.

allowed in making a return to a writ of certiorari, and the relevancy of matters returned is reserved for determination upon the hearing. The Appellate Division, in its opinion, states "that the relators might well stand on such a return and such an assertion and ask for a reversal of the determination thus made, but they do not choose to do so, preferring rather to have a decision upon the merits based on the evidence. actually introduced before the Commission."

Assuming for the purposes of this case, but without now so deciding, that the matter stricken out by the Appellate Division was irrelevant and could not be taken into consideration by the commissioners in making their determination in this proceeding, yet we are of the opinion that it could not properly be stricken from the return under the existing practice. It must be borne in mind that great liberality is awarded officers or boards of officers in making returns as to the facts upon which they based their action. In this case it expressly appears that the commissioners based their determination in part upon the testimony taken by them upon their investigation of the conditions of the companies under their order No. 615. The question will, therefore, be presented as to whether the evidence taken upon such an investigation can properly be received and considered by the commissioners under their proceeding instituted for the purpose of requiring the two railroad companies to unite in establishing through routes and joint rates. But this question will arise on the hearing by the Appellate Division upon the return made, and if the court should then be of the opinion that such evidence was irrelevant and not properly before the court it could disregard it. Whether the court could then proceed and determine the question upon the merits upon the return made of the proceedings taken under order No. 752 in view of the fact that the commissioners have, in effect, returned that they did not base their judgment upon that evidence alone, but upon other testimony taken by them, will then become another question which should, in the first instance, be determined by the Appellate Division.

The practice with reference to striking out irrelevant matter in returns to writs of certiorari we deem to be well settled by authority. It is not contended that the motions to strike out such matters are authorized by any of the provisions of the Code. The matter stricken out was not foreign to the subject under consideration nor scandalous.

In the case of *People ex rel. Higgins* v. *Grant* (58 Hun, 158) the General Term of the first department reversed an order striking out matters as irrelevant in the return to a writ of certiorari, holding that, under the practice, irrelevant matter should not be stricken out but disregarded upon the review of the return. The disregarding of irrelevant matter has been the recognized practice in our courts for many years. (*Lawton* v. *Comrs. of Highways*, 2 Caines Rep. 179, 183; *Le Roy* v. *Mayor, etc., of N. Y.*, 20 Johns. 430, 438; *People ex rel. Agnew* v. *Mayor, etc., of N. Y.*, 2 Hill, 9; *Stone* v. *Mayor, etc., of N. Y.*, 25 Wend. 157, 168; *People ex rel. Twohey* v. *Webb*, 50 N. Y. St. Repr. 46; *People ex rel. Lovell* v. *Melville*, 7 Misc. Rep. 214.)

The case of *People ex rel. Church* v. *Supervisors of Allegany* (15 Wend. 198) we think is clearly distinguishable. In that case the supervisors had been required by the writ to return certain tax rolls and warrants issued thereon. The return was to the effect that the supervisors had not got them. This answer to the requirements of the return was not satisfactory, and accordingly an amended return was ordered to be made expunging the answer and setting forth the facts specifically with reference to the matters required to be returned. This was not a striking out of irrevelant matter merely, but was the requiring of an additional return stating the facts. We are, therefore, of the opinion that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs, and the question certified answered in the negative.

Cullen, Ch. J., Vann, Werner and Hiscock, JJ., concur; Gray, J., not sitting.

Order reversed, etc.