PEOPLE ex rel. CITY OF NEW YORK v. O'TOOLE et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. CERTIORARI (§ 55*)—RETURN—FURTHER RETURN—POWER OF COURT.

Under Code Civ. Proc. §§ 2134, 2135, providing for return in certiorari, and authorizing the court when the return is defective to direct a further return, the court in certiorari may not make a return, but may only direct a further return by the body whose action is sought to be reviewed. and, where a false return is made, the only remedy of a party aggrieved thereby is by action for a false return.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 139–142; Dec. Dig. § 55.*]

2. CERTIORARI (§ 55*)—RETURN—FURTHER RETURN—POWER OF COURT.

Under Code Civ. Proc. § 2136, providing that certiorari may be issued to and a return made by an officer whose term has expired, the court has no power to amend the return of an officer whose term has expired. but the fact that the term has expired is no answer to an application for a further return.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 139–142; Dec. Dig. § 55.*]

3. CERTIORARI (§ 55*)—RETURN—FURTHER RETURN—POWER OF COURT.

Code Civ. Proc. § 2139, providing for the use of affidavits on the hearing in certiorari in enumerated cases, does not authorize the court to make or to amend a return in certiorari to review proceedings of officers, though their term of office has expired.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 139–142; Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of the City of New York, against William O'Toole and others, against Julia E. Gooson and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

others, against the Sandrock Realty Company and others, and against the Bronx Bath Company and others, to review awards for damages caused by public work. From an order correcting and amending the return, relator in each case appeals. Reversed.

See, also, 141 App. Div. 930, 126 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles J. Nehrbas, for appellant.
William H. Daigneault, for respondents.

LAUGHLIN, J. No objection was or is taken to combining in a single application motions in the four proceedings, and therefore that irregularity need not be considered.

These are certiorari proceedings to review awards made by the board of assessors of the city of New York for damages alleged to have been caused by the construction of the approach to the bridge over the Harlem River at Willis avenue. Returns to the writs were duly made and filed by the assessors. On application of the claimants, who are parties to the proceedings, the corporation counsel stipulated that certain corrections be made in the returns, but he refused to accede to their request that the returns be amended by setting forth certain evidence which the claimants asserted was received and considered by the assessors, but not set forth in the returns. Instead of applying for a further return, the claimants applied at Special Term for an order amending the returns in the particular to which reference has been made.

[1] The evidence on the part of the claimants upon which it was contended that certain evidence was considered by the assessors which was not set forth in the returns was not uncontroverted; but, if it had been, the court was without authority to make a return for the assessors which is the effect of the order incorporating in the return a recital that certain evidence was considered by them. Code Civ. Proc. §§ 2134, 2135; People ex rel. Higgins v. Grant, 58 Hun, 158, 11 N. Y. Supp. 505; People ex rel. Joline v. Willcox, 198 N. Y. 433, 91 N. E. 1102. The only authority of the court in such matters is to direct a further return to be made by the board, body or officer whose action is sought to be reviewed; and, in the event that the return is false, the only remedy of any one aggrieved thereby is an action for a false return. People ex rel. Lester v. Eno, 176 N. Y. 513, 68 N. E. 868.

[2] The theory upon which the claimants seek to sustain the right of the court to amend the return is that the members of the board of assessors who made the determinations sought to be reviewed are no longer in office; but that would be no answer to an application for a further return. Code Civ. Proc. § 2136.

[3] It is also contended on the part of the respondents that authority for the order is found in the provisions of section 2139 of the Code of Civil Procedure. That section, however, does not authorize the court to make or to amend a return. It merely provides for the

use of affidavits on the hearing in certain instances; but clearly not in a case like the one above.

It follows that the order, in so far as it purports to correct or amend the return of the board of assessors with respect to matters not covered by the stipulation of the attorneys for the respective parties, should be reversed with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.