### *In re* MARVIN.    *In re* TUTHILL.    *In re* ROBINSON.

#### (*Supreme Court, General Term, Second Department.*   July 2, 1891.)

TAXATION—APPLICATION OF TAXES—PROCEDURE.

   In a proceeding against a county treasurer to compel the application of taxes derived from railroads, as directed by Laws N. Y. 1869, c. 907, defendant answered that such taxes had been applied under the direction of the board of supervisors, and afterwards died pending an inquiry before a referee as to the facts of such application.  *Held,* that his successor in office was properly made defendant to the proceeding in his stead.

   Appeal from Orange county court.
   Petition by Francis Marvin, a tax-payer, to compel James Williams, the county treasurer, to apply taxes derived from railroads to the satisfaction of bonds issued in aid of the construction thereof, as required by Laws N. Y. 1869, c. 907.    Pending the proceedings, the county treasurer died, and an order substituting his successor, William M. Murray, as defendant, was made, from which order defendant appeals.
   Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
   *Bacon & Merritt,* for appellant.   *Lewis E. Carr,* for respondent.

   BARNARD, P. J.   The term of office as county treasurer of James C. Williams expired on the 31st of December, 1890.    William M. Murray was elected treasurer of Orange county in the fall of 1890, and succeeded Williams at the expiration of his term.    Before the term of Williams expired, a proceeding had been commenced under chapter 907, Laws 1869, as amended by chapter 283, Laws 1871, before the county judge of Orange county, to compel the application of taxes upon railroads, as directed by that act.    The act authorizes the county judge to make an order compelling the application.    The petition stated that certain taxes which were the subject of the controversy had been collected, and not applied as directed by the act.    The county treasurer made answer that the moneys had been applied under direction of the board of supervisors.    The county judge ordered a referee to report the facts.    The pro-

ceeding was pending before the referee when Murray assumed office, and on the 24th of January, 1891, Williams died. The county judge, on application of the applicants, has made an order substituting the present county treasurer as defendant. The order was right. The original petition is sufficient to give the court jurisdiction of the case. It avers that the moneys were collected year by year, and not appropriated as required by law. The denial of the county treasurer that the money was in his hands would not authorize the county judge in dismissing the application until he had ascertained the facts. The referee was ordered to obtain them, and, even if an appropriation of the moneys by the supervisors was held to be a discharge of the present county treasurer personally, it would not necessarily discharge the county from making good the moneys which were not appropriated according to law. The moneys were received *ex officio*, and, if paid over, the present county treasurer, would hold them by virtue of his office. *Spaulding* v. *Arnold*, 26 N. E. Rep. 295, (court of appeals, January, 1891.) If the funds were not legally paid out, they are still in the treasury. The present county treasurer represents the treasury, and was properly made a defendant to the proceedings in the place of his predecessor in office. The order should be affirmed, with costs. All concur.