*The office of Comptroller of the State of New York is continuous — a writ of certiorari is properly directed to a Comptroller to review the acts of his predecessor — chapter 542 of 1880 and chapter 353 of 1889 — basis of the tax assessed on a corporation thereunder.*

The office of the Comptroller of the State of New York is a continuous office, and while the term of office of a particular incumbent may and does, by the tenure fixed by law, expire as to such incumbent, the office, nevertheless, devolves on his successor and is perpetual, and such successor succeeds to the records and papers of the office.

A writ of certiorari is properly directed to the Comptroller of the State under the provisions of section 2129 of the Code of Civil Procedure, although the determination of the Comptroller sought to be reviewed thereby was made by a predecessor in office of the Comptroller to whom the writ was directed, and the predecessor in office is not a necessary party to the proceeding in order to obtain a review of such determination.

Chapter 542 of the Laws of 1880 and chapter 353 of the Laws of 1889 are valid provisions of law, and are not in violation of either the State or Federal Constitution.

When a tax is assessed by the Comptroller upon a corporation, under the provisions of chapter 353 of the Laws of 1889, the basis of the tax, where the corporation is not wholly engaged in carrying on the business of manufacturing within the State, is the amount of the capital employed by the corporation within the State during the year for which the tax is imposed, including the amount employed by it in manufacturing within the State.

Certiorari issued out of the Supreme Court and attested on the 22d day of January, 1894, directed to the Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all his acts and proceedings, and all the acts and proceedings of record in his office relative to the assessment of the corporation "Tiffany and Company," with all other papers, evidence, documents and records pertaining to such assessment, and to the revision and resettlement of the same.

*Charles E. Miller*, for Tiffany & Co.

*N. W. Norton*, for respondent Campbell, late Comptroller.

*Theodore E. Hancock*, *Attorney-General*, and *John W. Hogan*, *Deputy Attorney-General*, for respondent Roberts, Comptroller.

MAYHAM, P. J.:

This is a certiorari sued out by the People on the petition of the Attorney-General to review the determination of the Comptroller made on the readjustment of a tax levied by the Comptroller against Tiffany & Co., a manufacturing corporation incorporated under chapter 40 of the Laws of 1848, and as such exempted from taxation under chapter 542 of the Laws of 1880, and the various acts amendatory thereof and supplemental thereto, prior to the enactment of chapter 353 of the Laws of 1889.

Under the last-mentioned act Frank Campbell, late Comptroller, during his term of office, assessed such corporation, and on a readjustment of such tax on the application of the corporation fixed the aggregate tax for the years 1889, 1890 and 1891 at the sum of $6,000, and determined that the corporation was exempt from taxation prior to that time under the act of 1880.

We have at this term determined that this corporation is liable to be taxed for the three years above designated. (*The People ex rel. Tiffany & Co.* v. *Campbell, late Compt., and Roberts, Comp.**

The certiorari now under consideration seeks to increase the amount of tax as fixed by the Comptroller on such readjustment from $6,000 to $36,000 on the ground that the late Comptroller erred in settling the amount of the same.

We shall not repeat here the considerations which led us to hold this corporation taxable under the provisions of chapter 353 of the Laws of 1889, but regard that determination as an authority in support of the right of the Comptroller to impose a tax in this case.

It is objected by Tiffany & Co. that Frank Campbell, the late Comptroller, is a necessary and proper party to this certiorari, as it was his determination that is being reviewed, and that no proper determination can be had unless an opportunity is given him to be heard by his answer.

This contention is made under the provision of section 2136 of the Code of Civil Procedure, which provides as follows : "A writ of certiorari may be issued to and a return to a writ of certiorari may be made by an officer whose term of office has expired. Such an officer may be punished for a failure to make a return to the writ as required thereby, or to make a further return as required by an order for that purpose."

---

* See *ante*, page 95.

The writ in this case runs to the Comptroller and is answered by him in his official character, the incumbent of the office having changed between the time of making the assessment and that of suing out the writ.

Section 2129 of the Code of Civil Procedure provides that "The writ must be directed to the body or officer whose determination is to be reviewed, or to any other person having the custody of the record, or other papers to be certified, or to both if necessary. * * * "

The office of Comptroller of the State is a continuous office, and while the term of office of a particular incumbent may, and does by the tenure fixed by law, expire as to such incumbent, the office, nevertheless, devolves on his successor and is perpetual, and such successor succeeds to the records and papers of the office.

The writ of certiorari was, therefore, properly directed to the Comptroller of the State under the section of the Code last quoted, and it is elementary that those records are the best evidence of the acts and decisions of the Comptroller during a former term of the incumbency of that office, and although this writ may in some cases issue to an officer whose term of office has expired, as provided in section 2136 of the Code, we do not think it applies to a case of this kind.

Section 20, added by chapter 463 of the Laws of 1889 to chapter 361 of the Laws of 1881, authorizes the Attorney-General to review by certiorari the action of the Comptroller in any revision or resettlement of a tax, and if the revision or resettlement be found erroneous, the court by that section is authorized to correct and restate such account. The acting Comptroller, being the custodian of the records of his predecessor, can, without any aid from his predecessor, answer to the writ from the records of his office, and we can see no reason under such circumstances for making such predecessor a party to the writ. We cannot assume, as is suggested by the counsel for Tiffany & Co. by their brief, that there will be collusion between the Attorney-General and an incoming Comptroller to discredit the acts of their predecessor.

It is also objected in the preliminary objection of Tiffany & Co. to this writ, that the act under which this tax is imposed is in violation of the State and Federal Constitutions.

We do not think that this is any longer an open question.

*People* v. *Home Ins. Co.* (92 N. Y. 328); *People* v. *Horn Silver Mining Co.* (105 id. 76), establish its constitutionality under the State Constitution, and *Home Ins. Co.* v. *New York* (134 U. S. 594) holds that the act of 1880 does not violate *any* provision of the Federal Constitution.

This brings us to the consideration of this certiorari upon the merits. Was the tax as assessed by the ·Comptroller sufficient in amount under the evidence ?

The Comptroller assumed as the basis of his computation that the company was liable to taxation for the amount of its capital employed in its business in the State, outside of its manufacturing business, for the years 1889, 1890 and 1891, but exempted from taxation its capital employed in its manufacturing business in the State for those years.

The Attorney-General insists that he should have imposed the tax for those years upon its whole capital employed in the State, as it had not been wholly engaged in carrying on manufacturing business within this State. There is great force in the contention of the Attorney-General upon this point, and we are inclined to hold that he is correct. The real question, therefore, for the Comptroller to determine, after reaching the conclusion that this corporation was taxable, was as to the amount of tax to be imposed. That determination must be based upon the amount of capital employed in this State by the corporation during the years for which the tax could be imposed, including the amount employed in manufacturing within the State.

The amount of tax assessed and levied by the Comptroller was erroneous, and must be set aside, and the Comptroller must be ordered and directed to levy and impose the tax upon the basis of all the capital employed by the corporation in this State during the three years for which this tax was levied. As this controversy arises between State officers, no costs are allowed to either party.

PUTNAM, J., concurred; HERRICK, J., not acting.

Determination of Comptroller reversed, without costs, and case remanded to Comptroller to reassess in accordance with terms of opinion.