(89 App. Div. 156.)

PEOPLE ex rel. FLEMING et al. v. DALEY et al.

(Supreme Court, Appellate Division, Fourth Department. December 8, 1903.)

1. VILLAGES — REINCORPORATION — ELECTIONS — SUBMISSION — DISCRETION OF TRUSTEES.

General Village Law, § 300 (Laws 1897, p. 448, c. 414), provides that a village incorporated by special laws may be reincorporated under the general law by adopting a proposition therefor, which may be submitted at an annual election or a special election called for that purpose, and requires the board of trustees of such a village on petition of 25 electors to cause such question to be submitted at a village election, but declares that it shall not be submitted at an election, either annual or special, during the months of February or March. Held, that where an application for the submission of the question of reincorporation was submitted to village trustees on October 6, 1903, and the application requested a special election to be held on the 27th of the same month, a resolution of the trustees not to submit the question until the general election to be held in May, 1904, was unreasonable, and an abuse of the trustees' discretion.

Williams, J., dissenting.

Appeal from Special Term, Niagara County.

Mandamus by the people, on the relation of John Fleming and others, against Michael Daley and others. From an order directing the issuance of a peremptory writ requiring defendants to call a special election to vote on the question of reincorporation of the village of Lewiston, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Patrick F. King, for appellants.
J. Boardman Scoville, for respondents.

STOVER, J. The village of Lewiston is incorporated under. a special law. Application by petition was duly made to the defendant trustees under section 300 of the general village law (Laws 1897, p. 448, c. 414) to have the question of reincorporation submitted to the voters of the village qualified to vote on that subject, and on October 6, 1903, the trustees resolved to submit the question at the general election to be held in May, 1904. The petitioners requested a special election to be held October 27, 1903. The provision of section 300 of the village law is as follows:

"A village incorporated by special law and subject to its provisions may be reincorporated under this chapter by adopting a proposition therefor. Such a proposition may be submitted at an annual election or at a special election called for that purpose. The board of trustees of such a village may upon its own motion and shall upon the petition of twenty-five electors assessed upon the last assessment roll of the village, cause to be submitted at a village election, a proposition for such reincorporation. * * * A proposition for the reincorporation of a village under this article shall not be submitted at an election either annual or special during the months of February or March."

The claim of the defendants is that they have a discretion as to the time of submitting the proposition, and may either call a special election or wait until the annual election in May, 1904. We think the contention of the defendants is too broad. While they have a discretion as to the time of submission, such discretion is not arbitrary, but must be reasonably exercised. If they had determined to call a special election in May, it would hardly be claimed that a wise discretion had been exercised; but, had the annual election been about to occur within a short time of the presentation of the petition, the defendants might well have postponed submission until then. It was the evident intent of the statute to provide a means of submission in cases where trustees did not move either from lack of interest in, or open hostility to, submission. Upon the presentation of the petition the trustees were bound to move within a reasonable time, and use all reasonable efforts for a prompt and fair submission. The duty to act fairly and within a reasonable time lies upon every public officer. We think the delay of eight months in submitting the proposition was not within the right of the defendants to impose, and was not a reasonable time within which to submit the proposition, and it was their duty to call a special election within a reasonable time. The order should be affirmed, with costs.

Order affirmed, with costs. All concur, except WILLIAMS, J., dissenting.