THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. MELODY, Sheriff of the County of Kings, Relator, *v.* CUTHBERT W. POUND and Others, Composing the State Civil Service Commission of the State of New York, Respondents.

Second Department, March 2, 1906.

Certiorari — return conclusive even though error admitted by respondent — further return is proper remedy.

The return of the State Civil Service Commission on certiorari is conclusive even though the counsel for the respondent admits that it is not in accord with the facts.

The remedy to correct such error is by a further return under section 2135 of the Code of Civil Procedure.

CERTIORARI issued out of the Supreme Court and dated the 4th day of August, 1903, directed to Cuthbert W. Pound and others, composing the State Civil Service Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Kings all and singular their proceedings had in relation to the classification in the civil service of certain positions in the office of the sheriff of the county of Kings.

*Charles H. Hyde,* for the relator.

*Julius M. Mayer, Attorney-General,* for the respondents.

JENKS, J. :

This is a writ of certiorari to review the proceedings of the State Civil Service Commission, granted on the petition of the sheriff of Kings county, informing the court that the commission had placed the positions of assistant deputy sheriffs, keepers of jail, van drivers and matrons in the classified or competitive class of the State civil service. The commissioners return that they " deny that they at any time placed the positions involved herein, namely, those of assistant deputy sheriff, keeper of the jail, van driver and matron, in the office of Sheriff of Kings County in the competitive class." Section 2134 of the Code of Civil Procedure prescribes that there must be made " a return, with a transcript annexed, and certified * * *, of the record or proceedings, and a statement of the

other matters, specified in and required by the writ." We cannot look back of such a return into the petition and the accompanying papers. (*People ex rel. Miller* v. *Wurster*, 149 N. Y. 549.) The learned and able Attorney-General says that the return was made by his predecessor, and in effect (as it seems as matter of fact that the positions are in the competitive class) he must conjecture that the return is based upon one of two technical points, though he ventures no further. We are urged by him to accept his concession that in effect the return is not in accord with the facts. Although his spirit of concession is entirely commendable, yet I think the court should not proceed when it must do so upon the concession that the return is not true in that it is not consistent with matters of fact. I think under the circumstances we should order a further return under the authority of section 2135 of the Code of Civil Procedure as construed in *People ex rel. Press Pub. Co.* v. *Martin* (142 N. Y. 228), and *People ex rel. Miller* v. *Wurster* (*supra*).

HIRSCHBERG, P. J., HOOKER and MILLER, JJ., concurred.

Further return ordered under authority of section 2135 of the Code of Civil Procedure.