THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM L. UNDERWOOD, Appellant, *v*. BOARD OF TRUSTEES OF VILLAGE OF PATCHOGUE, Respondent.

Villages — petition to have boundaries of incorporated village extended — description of territory to be annexed must state boundaries with "common certainty."

Where a citizen of an incorporated village petitions the trustees of the village to submit to the electors thereof a proposition to extend the boundaries of the village, his right to have the petition granted depends upon whether the petition complies with the statute (Village Law, § 348; Cons. Laws, ch. 64, as amd. by L. 1915, ch. 257; and Village Law, § 3, as amd. by L. 1915, ch. 31), which prescribes that the description of the territory to be incorporated shall "suitably" describe "such district with common certainty."

Where such description leaves the exact boundaries doubtful and uncertain, the petition is defective and the petitioner may not compel the trustees to submit the proposition.

*People ex rel. Underwood* v. *Vil. of Patchogue*, 171 App. Div. 347, affirmed.

(Argued February 24, 1916; decided March 21, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department entered January 22, 1916, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel defendant to submit to an election a proposition to extend the village corporate limits to the westward as set forth in a petition by certain residents of the contiguous territory.

The facts, so far as material, are stated in the opinion.

*William L. Underwood*, appellant, in person. Where there is obscurity or uncertainty all the particulars in the description are to be taken into account in arriving at the intention, the particulars describing the location of the land, the quantity and its commonly known designation. Where the description is ambiguous or there is inconsistency in the several particulars, words if necessary may be supplied, for intendment, and particular clauses and provisions qualified, transposed or rejected, in order to ascertain or give effect to the intention. (*Hathaway* v. *Hower*, 6 Hill, 453; *Gilchrist* v. *Strong*, 167 Penn. St. 628.) The same construction that would be given to a grant would be given to the boundaries of incorporated territory. (*Cold · Spring Iron Works* v. *Tolland*, 9 Cush. [Mass.] 492; *Hamilton* v. *McNeil*, 13 Grat. [Va.] 394.) The courts by refusing to issue the peremptory writ of mandamus compelling the village trustees to perform that duty have ignored the appellant and thereby denied to him equal protection of the law. (U. S. Const. 14th Amend.; 8 Cyc. of L. & P. 1058, 1073.)

*Robert S. Pelletreau* for respondent.   The method for the extension of boundaries of incorporated villages is provided for in section 348 of the Village Law (L. 1915, ch. 257; L. 1915, ch. 31).

*Per Curiam.*   The relator moved at Special Term for a peremptory writ of mandamus to compel the trustees of the incorporated village of Patchogue to submit at a general or special election a proposition to extend the westerly boundaries of said village.   The right of the relator to have the trustees of the village submit the proposition to the qualified electors depends upon whether the petition to the trustees complied with the statutory requirements.   If the petition was not of the character contemplated by the statute the duty to cause the proposition to be submitted at a general or special election did not devolve upon the trustees of the village.   In the absence of such a duty having been imposed by statute upon the trustees the relator was not entitled to a writ of mandamus. Section 348 of the Village Law (Cons. Laws, ch. 64), as amended by chapter 257 of the Laws of 1915, prescribes the method by which the extension of the boundaries of incorporated villages of the state may be brought about.   This section is to be read in connection with section 3 of the Village Law, as amended by chapter 31 of the Laws of 1915, which requires that the description of the territory to be incorporated shall " suitably " describe " such district with common certainty."   The petition purports to give the boundaries of the territory in eight different bounds or courses, three of which were ponds or streams.   The description leaves the exact boundaries doubtful and uncertain.   It is urged on behalf of the appellant that in construing this description the court should apply those legal rules of construction which have been sometimes invoked in the interpretation of doubtful and uncertain clauses in deeds or wills and it is insisted that even if the description given in the petition is ambiguous or there is

inconsistency in several particulars " words, if necessary, may be supplied by intendment, and particular clauses and provisions qualified, transposed or rejected, in order to ascertain and give effect to the intention." (*Hathaway* v. *Hower,* 6 Hill, 453, 455.) The design of the provision of the Village Law which requires the boundaries of the territory to be " suitably " described " with common certainty " is very different from that which the appellant seems to consider its purpose. In providing that the territory shall be described with " common certainty " the legislature intended that the description of the territory should be such that upon a fair and reasonable construction its boundaries should be evident without reference to doubtful rules of legal interpretation. Several serious defects in the petition have been pointed out in the opinion of Mr. Justice PUTNAM writing for the Appellate Division and no further comment seems to be justified, except to remark that the contention of the appellant that the refusal to grant the writ in this case denied to him the equal protection of the law as guaranteed by the Federal Constitution is without merit. The appellant has no right to the relief which he seeks, unless his petition complies with the statutory requirements. The petition presented did not meet those requirements and was, therefore, properly denied by the trustees of the village.

The order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Order affirmed.