GEORGE S. ABELL, Respondent, v. HENRY HUNTER and Others, as and Composing the Board of Trustees of the Village of Cornwall, N. Y., and the VILLAGE OF CORNWALL, Defendants. JOHN E. PRESTON and Another, as Successor Trustees of the Village of Cornwall, Appellants.

Second Department, December 5, 1924.

Villages — taxpayer's action under General Municipal Law, § 51 — action brought to test validity of statute (Laws of 1923, chap. 20) purporting to validate proceedings annexing territory to village of Cornwall and to have annexation proceedings declared void — validating statute was enacted after certiorari proceedings were commenced to review annexation instituted under Village Law, § 348 — no answer was interposed in this action but parties stipulated to submit question of validity of statute to courts — statute was held to be unconstitutional — certiorari proceedings were then discontinued against protest of appellants and judgment was entered in this action by default declaring statute unconstitutional and annexation proceedings void — appellants, residents of annexed territory, were elected trustees after this action was commenced — appellants moved to strike out judgment or to limit it to determination that statute is invalid — appellants were entitled to be made parties under Public Officers Law, § 2 — appellants could, under Civil Practice Act, § 557, have appealed if judgment had not been by default — motion to strike out unauthorized portion of judgment was correct — validity of annexation proceedings could not be determined in this action brought under General Municipal Law, § 51 — findings not having been made, judgment is not valid under Civil Practice Act, § 440, and is not final determination — action by board of trustees in permitting entry of judgment declaring annexation void does not affect appellants' rights — board of trustees after accepting petition to annex and after securing certificate of Secretary of State could not determine that annexation was void.

Prior to March 21, 1922, proceedings were instituted under section 348 of the Village Law to annex additional territory to the village of Cornwall, then an incorporated village. The proceedings were completed, in form at least, and a certificate issued by the Secretary of State as required by that section was filed in the office of the clerk of the village. Thereafter an election was held in the enlarged village. The plaintiff then instituted certiorari proceedings against the board of trustees for the purpose of reviewing the determination of the board in the annexation proceedings and to annul the election. Before the certiorari proceedings were concluded the Legislature passed an act (Laws of 1923, chap. 20) purporting to validate the annexation proceedings and immediately thereafter this taxpayer's action was commenced under section 51 of the General Municipal Law to test the validity of that statute and to have the annexation proceedings declared invalid. After the commencement of this action the appellants herein, who resided in the annexed territory, were elected trustees of the enlarged village. No answer was interposed in this action and the parties in this action, and the appellants herein, stipulated to submit the validity of

chapter 20 of the Laws of 1923 to the Appellate Division, upon an agreed statement of facts and to stay all further steps in the certiorari proceeding to await the determination of the submitted controversy. The Court of Appeals determined that the statute in question was unconstitutional and a judgment was entered to that effect. Thereafter the trustees of the village passed a resolution withdrawing all opposition to the certiorari proceedings and consenting to the entry of judgment in this action. The appellants who were then trustees voted in opposition to the resolution. A second judgment was then entered in this action by default, which adjudged that the determination of the board of trustees in favor of the validity of the annexation petition, the election and all steps in relation thereto were null and void. The appellants prior to the expiration of their term of office, but after they had been denied the right to act as trustees, made this motion to strike out the judgment entered in this action or to limit and modify said judgment to conform to and determine only the question decided by the Appellate Division and the Court of Appeals.

*Held,* that the appellants herein having been elected trustees of the village after the commencement of this action were entitled, under section 2 of the Public Officers Law, to be made parties defendant in the place and stead of the trustees whom they succeeded;

That the appellants herein, though not parties of record, could have appealed under section 557 of the Civil Practice Act if the judgment had not been entered by default, but they could not move to open the default, since they had never been made parties to the action;

That it was necessary for the appellants to remove from the records that part of the judgment declaring the annexation proceedings invalid before they could proceed to test their right to the office of trustees and, therefore, this motion to strike out the judgment or to modify it to conform to the decision of the Court of Appeals was proper;

That the validity of the annexation proceedings which were instituted under section 348 of the Village Law could not be determined in this action, since the purpose of the action, in so far as it demands that the annexation proceedings shall be declared void, is to determine the legality of the incorporation of the village and not the legality of a particular act of the board of trustees That result cannot be obtained in an action under section 51 of the General Municipal Law, which is intended merely to enable a taxpayer to restrain illegal action by an officer and not to determine whether the office exists;

That no findings having been made, the judgment entered herein is not valid under section 440 of the Civil Practice Act and is not a final and conclusive determination of this action;

That the appellants' rights are unaffected by any action taken by the board of trustees in permitting the entry of a default judgment declaring the annexation proceedings to be void, for their acts in that regard are *ultra vires,* since as soon as the certificate was issued by the Secretary of State in the annexation proceedings instituted under section 348 of the Village Law, the board of trustees were *functus officio* in so far as the annexation proceeding was concerned and they could not recant and could not by their official action decrease the area of the village, which must be done under section 349 of the Village Law.

MANNING, J., dissents.

APPEAL by John E. Preston and another, as successor trustees, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Orange

on the 11th day of April, 1924, denying a motion made by them to strike out a judgment entered in this action on January 5, 1924, or to limit and modify said judgment to conform to and determine only the questions decided by the Appellate Division and the Court of Appeals in this action.

Prior to the 21st day of March, 1922, proceedings were instituted looking toward the annexation of certain territory to the village of Cornwall, then an incorporated village. These proceedings were taken under section 348 of the Village Law (as amd. by Laws of 1915, chap. 257). A recital of the details of the steps taken seems unnecessary. The proceedings, however, were completed, in form at least, and a certificate issued by the Secretary of State, as required by that section, was filed in the office of the clerk of the village. This was the final step in the proceeding, and afterward an election was held in the enlarged village. Thereafter, the plaintiff in this case instituted a proceeding in the Supreme Court, Orange county, against the then members of the board of trustees of the village of Cornwall for a certiorari order reviewing the determination of the board of trustees and annulling said election. Various steps were had in that proceeding but the same was pending and undetermined when this action was commenced. Prior to the commencement of this action the Legislature of the State of New York enacted chapter 20 of the Laws of 1923, which purported to validate the proceedings theretofore had for the purpose of annexing territory to the village of Cornwall. The plaintiffs then instituted this action to test the validity of that act. For the purpose of determining this question, the parties to that action and these appellants, William W. Stuart and John E. Preston, entered into a stipulation submitting the validity of that act to this court upon an agreed statement of facts. In that stipulation it is stated that these appellants are trustees of and, with the other trustees named therein, formed and constituted the board of trustees of the said village of Cornwall; that all further proceedings in said certiorari proceeding await the determination of this submitted controversy; that this is a taxpayer's action and the time of the defendants to answer therein has been indefinitely extended, pending the determination by this court of the controversy submitted to it; that the controversy was duly submitted to this court and chapter 20 of the Laws of 1923 held to be constitutional. (*Abell* v. *Clarkson*, 206 App. Div. 172.) Thereafter an appeal was taken to the Court of Appeals and the determination of this court reversed and the act in question held to be unconstitutional. (237 N. Y. 85.) Judgment was thereafter entered in the office of the clerk of the county of Orange in accordance with the decision of the Court of

Appeals, holding that chapter 20 of the Laws of 1923 was unconstitutional, null and void. The trustees of the village of Cornwall thereafter passed a resolution withdrawing all opposition to the certiorari proceeding and consenting to the entry of judgment in this action. At that meeting these appellants were present and voted in opposition to the resolution. Thereafter a second judgment was entered by default in this action which adjudged that the determination of the board of trustees of the village of Cornwall in favor of the validity of the annexation petition and the election held on the 21st day of March, 1922, and all other steps taken in relation thereto, were null, void and illegal. The petitioners then made this motion, which was denied, and from the order denying the said motion this appeal is taken.

*Henry Hunter* [*Henry Kohl* with him on the brief], for the appellants.

*Henry Hirschberg*, for the respondents.

JAYCOX, J.:

Two questions are presented for determination upon this appeal: (a) Were the appellants entitled to make this motion; and if so, (b) should the motion have been granted?

As a preliminary to considering those questions the special act of 1923 should be entirely disassociated therefrom. The complaint herein shows that all the proceedings under section 348 of the Village Law (as amd. by Laws of 1915, chap. 257) were completed and the necessary certificate filed with the Secretary of State before that act was passed. Therefore, if those proceedings were valid the annexed territory remained a part of the village notwithstanding the decision of the Court of Appeals holding that act unconstitutional.

In this action the then trustees of the village of Cornwall were made parties. They were public officers. (Pub. Off. Law, § 2.) They were sued as public officers and not on a personal claim or liability. " Where an action is commenced by or against an officer, not to enforce a personal claim or liability, but relative to a matter pertaining to the office, and pending the litigation he dies, resigns, or is removed, or his term of office expires by reason of limitation, his successor in office may cause himself to be admitted to prosecute or defend in the place and stead of the original plaintiff or defendant, and may continue the action to its determination." (17 Ency. Pl. & Pr. 191. See cases cited, one of them is in this department, *Matter of Marvin*, 15 N. Y. Supp. 500.) I have cited no further authorities, as I deem the point too clear to need the support of

authorities. The right of these appellants to be made parties is apparent.

Now who may appeal? Section 557 of the Civil Practice Act provides that any person aggrieved who is not a party but is entitled by law to be substituted in place of a party may appeal. What was the appellants' remedy? The judgment was by default; therefore, no direct appeal could be taken. (Civ. Prac. Act, § 557.) They could not move to open their default. They were not in default, never having been made parties. Part of the judgment was right and entered upon the decision of the highest court in the State. That part of the judgment did not affect them. The balance of the judgment they claim was beyond the power of the court to enter in that action. Assuming that they are right (I shall endeavor to demonstrate later that they are), what was their remedy? Was it not to move to strike out the unauthorized part? They had been ousted from their offices. Mandamus will not lie to try the title to an office. Must they resort to quo warranto and would that action lie in the face of a judgment denying their right to the offices? I think the question would be held to be *res adjudicata* and they would first be required to remove that obstacle before a quo warranto action would be instituted. Under these circumstances I think their motion was right. At least it was permissible. It was entertained. It was not dismissed but was met by opposing affidavits and decided on the merits. They had been deprived of their offices by an unauthorized judgment. Their only remedy, I think, was to strike out the unauthorized part. Now what are the merits; and that brings up the second question to be decided upon this appeal, which is, should the motion have been granted? I will again call attention to the situation that existed when this action was instituted. The annexation proceedings had been completed, in form at least, in accordance with section 348 of the Village Law, and a certiorari proceeding had been brought to review the annexation proceedings. In those proceedings numerous steps had been taken and the respondents therein stoutly maintained the legality of the annexation proceedings. Chapter 20 of the Laws of 1923 was then enacted. This law attempted to validate the annexation proceedings and, if valid, would have rendered the certiorari proceeding nugatory. Recognizing this fact, the relator in the certiorari proceeding brought an action to test the constitutionality of that statute, a question which could not be determined in a certiorari proceeding. The plaintiff in that action of necessity alleged the invalidity of the annexation proceedings as he could not admit the validity of those proceedings and maintain his action. Such an admission would

have rendered the question academic. That an action would lie to determine the validity of the statute is not disputed. But the plaintiff went further and asked that the proceedings theretofore had for the annexation of territory to the village of Cornwall be declared null, void and of no effect. This relief could not be obtained in that action. The ostensible purpose of the action is to prevent illegal actions by the trustees of the village of Cornwall. Although in the complaint certain acts are mentioned that the said trustees threaten to do, the basis of the claim of illegality is that the trustees can perform no legal act. There is no claim that certain acts of the board of trustees are legal and certain other acts illegal, but all acts performed by the trustees are claimed to be illegal. This again is not because of any statute forbidding these acts, but because the plaintiff claims that the village is illegally incorporated. The complaint is based solely on that contention. The only question presented for determination (other than chapter 20 of the Laws of 1923) is the validity of the steps taken to annex territory to the village, to wit, the validity of defendant's incorporation. That question cannot be determined in this action. Section 51 of the General Municipal Law is intended to restrain illegal action by an officer and not to determine whether any such office exists. Every act mentioned in the complaint would be legal if the incorporation were legal. No other criticism is made of these acts. The act (Gen. Mun. Law, § 51) is intended to permit a taxpayer to test the legality of an act of an officer or board of officers and not to test the question of the legality of the corporation for which they propose to act. This question was determined by this court in *Prankard* v. *Cooley* (147 App. Div. 145). Much of the opinion in that case is applicable here, but I will quote only a small portion of it (p. 147): " We are of opinion that the action is not maintainable by the plaintiffs; that the validity of a municipal corporation created by proceedings legal and regular in form cannot be questioned collaterally by a private individual, but can only be determined in proceedings instituted by the Attorney-General in the name of the State and in the nature of a quo warranto. The general principle is well stated in the Cyclopedia of Law and Procedure (Vol. 10, p. 256) as a doctrine ' founded in public policy and convenience and supported by an almost unanimous consensus of judicial opinion, which is that the rightfulness of the existence of a body claiming to act, and in fact acting, in the face of the State, as a corporation, cannot be litigated in actions between private individuals or between private individuals and the assumed corporation, but that the rightfulness of the existence of the corporation can be questioned only by the State; in other words, that

the question of the rightful existence of the corporation cannot be raised in a collateral proceeding.' "

It is further stated (p. 149): " It is claimed that the action is brought within the scope of taxpayers' suits pursuant to the provisions of section 51 of the General Municipal Law (Consol. Laws, chap. 24; Laws of 1909, chap. 29). It is sufficient to say in reference to that claim that we find nothing in the section referred to authorizing the maintenance of the present action. This action is not brought to prevent any illegal official act on the part of a public officer, but is brought to prevent the discharge of duties by such officer on the ground that the municipal corporations for which he is acting were illegally created. In substance and effect the title to the office itself is assailed, to the extent that the right of the officer to perform any duties for the villages as such is denied."

That is exactly the position that the plaintiff takes here, and that decision, I think, is decisive of his rights.

In determining this question as to the right of these parties to have this judgment amended, all questions bearing upon its finality and illegality should be considered. No findings or decision by the court are printed, none recited in the judgment and none mentioned in the briefs, so far as I have been able to discover. Findings are essential to a valid judgment. (Civ. Prac. Act, § 440; *Lederer* v. *Lederer*, 108 App. Div.. 228.) The judgment, therefore, is not a final and conclusive determination of this action. If, instead of seeking to have these questions determined in this action the plaintiff had permitted them to be determined in the certiorari proceeding, I think the appellants' right to move to vacate the final order and to come in and defend that proceeding would be clear. (Civ. Prac. Act, § 1302; *People ex rel. Rochester Tel. Co.* v. *Priest*, 181 N. Y. 300, 306, 307.) It would be inequitable to permit the entry of judgment in this action and the discontinuance of the certiorari proceeding to destroy the appellants' right to a judicial determination of the question as to whether the annexation proceedings were properly conducted or not.

The appellants' rights are unaffected by any action taken by the board of trustees. When a petition for the annexation of territory is presented to a board of trustees, if it is in proper form and they decide that the facts therein recited are true, they are compelled to act. (*People ex rel. Fleming* v. *Daley*, 89 App. Div. 156; *People ex rel. Underwood* v. *Vil. of Patchogue*, 217 N. Y. 466.) When they have acted and the certificate is issued by the Secretary of State (Village Law, § 348, as amd. *supra*) they are *functus officio* in so far as that proceeding is concerned. They cannot recant and cannot by their official action decrease the area of the village. That

can be done only under section 349 of the Village Law (as amd. by Laws of 1921, chap. 275). The consent of the trustees should not be permitted to give vitality to an otherwise illegal proceeding. The trustees of the village first found the petition sufficient and the facts therein recited true. They interposed two returns in the certiorari proceeding based upon the truth of those facts. They were nominated and elected to office in the enlarged village and after such election they attempt to say that part of this territory was not part of the village and eject from office other trustees chosen by the same electorate. The rights of these trustees and of the people of the village should not be disposed of in this summary manner. The certiorari proceeding should be revived and the validity of the annexation proceedings determined therein.

I recommend that the order appealed from be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH and KELBY, JJ., concur; MANNING, J., dissents.

Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.