THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE S. ABELL, Relator, v. JOHN H. CLARKSON and Others, as and Composing the Board of Trustees of the Village of Cornwall, N. Y., Respondents.

Second Department, April 5, 1928.

Certiorari — proceedings to review action of trustees of village of Cornwall in relation to annexation of territory under Village Law, § 348 — original return was stricken out and supplemental return ordered — supplemental return controls (Civ. Prac. Act, § 1300) — original return was made in 1922 — succeeding board of trustees had right to make supplemental return in 1926.

In 1922 a petition was presented, under section 348 of the Village Law, to the board of trustees of the village of Cornwall, which petition related to the annexation of territory. The necessary certificate was issued by the Secretary of State and filed in the office of the village clerk. The present certiorari proceeding was then commenced to annul the annexation upon the ground of invalidity, the claim being that the petition was not signed by the required number of qualified voters resident of the annexed territory. Chapter 20 of the Laws of 1923 was enacted to ratify the annexation proceedings but that act was declared unconstitutional in an equity action. After the decision of the Court of Appeals, it was attempted to enter a judgment in the equity action declaring the annexation invalid in fact, but that judgment was vacated upon the ground that the trustees could not consent thereto and the present proceeding was revived. Prior to said decision the court struck out the original return in this proceeding and directed the village board to file a supplemental return. The supplemental return was filed in 1926 by the succeeding board of trustees and that return shows that the annexation petition was not signed by the required number of voters and that the annexation was invalid.

The supplemental return, which was filed by direction of the court, controls the proceeding in view of the fact that section 1300 of the Civil Practice Act contemplates but a single return and, therefore, the original return cannot be considered by the court but the court must be bound by the facts contained in the supplemental return.

The supplemental return was properly made by the board of trustees in office at the time the return was made, regardless of a change in personnel, for a village board of trustees is a continuing body.

Since the supplemental return establishes the invalidity of the action of the board of trustees in authorizing the annexation election, the determination of the board in favor of the annexation petition and the annexation is annulled.

CERTIORARI ORDER granted out of the Supreme Court on the 23d day of March, 1922, directed to Alder Highland and others, and their successors in office, as and constituting the board of trustees of the village of Cornwall, N. Y., commanding them to certify and return to the office of the clerk of the county of Orange all and singular their proceedings had in reference to the annexation of certain territory to said village.

*Henry Hunter* [*Henry Kohl* with him on the brief], for Preston and Stuart, *amici curiæ.*

*Henry Hirschberg* [*Milton DeBaun* with him on the brief], for the relator and the respondents.

Carswell, J.   To understand the propositions involved in this review of the proceedings of the board of trustees of the village of Cornwall, in connection with its action upon a petition filed with that board under section 348 of the Village Law, which petition related to annexation of territory and the providing for an election with reference thereto, it is necessary to recall what has heretofore transpired.   The village of Cornwall attempted, in 1922, to enlarge its area and population by annexing contiguous territory.   A proceeding therefor was brought under section 348 of the Village Law, as amended by chapter 257 of the Laws of 1915.   The necessary certificate was issued by the Secretary of State and filed in the office of the village clerk.   It was thereupon sought, by certiorari, to annul the annexation upon the ground of invalidity, the claim being made that the petition by which the proceeding was originated had not been signed by a majority of such residents of the annexed territory as were qualified to vote for town officers.   In 1923, by chapter 20 of the laws of that year, the Legislature passed an act which ratified the annexation proceedings.   George S. Abell, the relator herein, brought an action to enjoin the enforcement of annexation, upon the ground that the ratifying act was unconstitutional, and upon the further ground that the annexation proceeding itself was invalid in fact.   The Court of Appeals, reversing the judgment of this court in *Abell* v. *Clarkson* (206 App. Div. 172), declared the act to be unconstitutional.   (*Abell* v. *Clarkson,* 237 N. Y. 85.)   After the decision of the Court of Appeals, the board of trustees of the village and the relator effected a compromise whereby it was attempted to have entered, in the equity action, a judgment declaring the annexation invalid as a matter of fact, and to discontinue the certiorari proceeding referred to.   Preston and Stuart, at that time members of the board of trustees, voted against that compromise agreement.   They appealed to this court, which, stating that " the consent of the trustees should not be permitted to give vitality to an otherwise illegal proceeding," held that it was beyond the power of the trustees to enter into the compromise agreement, and that the consent judgment should be vacated and the certiorari proceeding revived.   (*Abell* v. *Hunter,* 211 App. Div. 467.)   Upon appeal to the Court of Appeals the judgment of this court was affirmed.   (*Abell* v. *Hunter,* 240 N. Y. 702.)   Pending that appeal, an election of trustees was held to fill

the places of Preston and Stuart, whose term of office was about to expire. Preston and Stuart were candidates for re-election. They applied for an order to compel the village clerk to place their names on the ballot and to hold the election in the village territory as enlarged, their claim being that the annexation was effective until declared invalid in the certiorari proceeding. Their motion was denied. This court reversed the order of denial and granted the motion. (*Matter of Preston,* 213 App. Div. 830.) At the election which followed, Preston and Stuart were defeated, and since that time they have not held office of any kind.

Preston and Stuart were a minority of the board in the latter part of their membership, and they later sought to sustain the board's prior action upon the petition in ordering the election which resulted in the adoption of the proposal for the annexation of territory. They made a motion to be allowed to intervene in the proceeding. That motion was granted, but the order entered thereon was reversed. (*People ex rel. Abell* v. *Clarkson,* 220 App. Div. 739.) They are now out of office, and, following their elimination from the proceeding as intervenors in the manner indicated, they have been granted permission by this court to file a brief herein as *amici curiæ.* The question which they present upon this appeal might have merit if the premise upon which they build their argument was not defective. Their claim is that the original return made herein by the board of trustees to the certiorari order requiring such a return should control the disposition of the question of whether or not the action of the board of trustees in ordering the annexation election was valid or not. The trouble with that position is that, since that original return was filed, an order was made by the Special Term, on November 25, 1922, by TOMPKINS, J., granting a motion to strike out that return and requiring the board to file a supplemental return, and such supplemental return has been made. The supplemental return was not made by the board of trustees promptly, it having been made on October 25, 1926. There was a period of time following this last order of Justice TOMPKINS when the board could have filed a supplemental return, while the Preston-Stuart pro-annexation group were in control of it, but it did not do so. Instead, it appealed from the order, and that appeal was dismissed by this court for failure to prosecute. (*People ex rel. Abell* v. *Clarkson,* 221 App. Div. 771.)

It thus appears that the order requiring the supplemental return was never disturbed, and, therefore, a supplemental return was properly made by the new board, and that supplemental return, as thus made, has superseded the original return. This view follows from the fact that the Civil Practice Act (§ 1300) contemplates

but a single return, and that, therefore, the final or supplemental or amended return supersedes the prior return, and is the only one that may be considered by this court. The rule is stated in 11 Corpus Juris, 182: " When a second return is made, the first return becomes an absolute nullity and cannot be looked to in order to supply deficiencies in the second return."

All of the argument of the *amici curiæ* is built upon an acceptance of the original return by this court and the disregarding of the supplemental return.

By reason of the undisturbed character of the order directing a supplemental return, and also by reason of the superseding effect upon the original return of the service of the supplemental return, this court may not consider the original return.

The *amici curiæ* claim that the original return was made by a board which was disinterested and which acted upon personal knowledge of the facts considered when passing upon the petition for the annexation election, while this new return has been made by a hostile board through an attorney who was formerly the attorney for the relator herein and who was and is opposed to the annexation and has fought the proposition from that angle. This fact has no important bearing upon the question now presented, although the attorney referred to has indicated that the whole controversy had been settled five months before he became attorney for the board, and at a time when another attorney acted for it, by a recognition of the invalidity of the annexation election. He also asserts that the reviving of the whole situation of the controversy in its present form is due solely to the *amici curiæ*, two defeated candidates for the board of trustees.

This view, as to which return is to be considered, makes unnecessary an extended consideration of the arguments advanced pro and con.

The *amici curiæ* concede, in effect, as they necessarily must do, that if the supplemental return alone be considered, the petition for annexation was improperly passed upon by the board of trustees, as it appears conclusively, in the only return which this court may consider, that, although section 348 of the Village Law required that the petition should be signed by a majority of the qualified voters, it was in fact signed by but 543 individuals, while the return shows there were 1,241 qualified electors. The *amici curiæ* urge that the supplemental return should not be accepted, since it purports to impeach the decision of their own body, acting through predecessors. There can be no requirement that a body directed to make a return of the facts shall refrain from stating what the truth is with regard to the facts. One of the facts involved herein

is the number of qualified electors at the time the petition was presented for the annexation election. It is reasonably apparent that the reason the old board did not file a supplemental return which the Special Term directed should be made, and one which would meet the objection urged, was that they could not make a return of facts with regard to the number of qualified electors that would sustain the board's action in authorizing the annexation election upon the petition presented to them.

The *amici curiæ* urge that the supplemental return is not correct in all particulars. That which they urge is not of sufficient volume to affect the fact that there is a clear showing that the annexation election was allowed upon a petition which did not have appended to it the requisite number of signatures of qualified electors. In any event, this court is committed to the doctrine that a return on certiorari is conclusive even though it be not in accord with the facts, and the remedy for a false return is to seek a further return in accordance with the provisions of section 1298 of the Civil Practice Act (*People ex rel. Melody* v. *Pound,* 111 App. Div. 395); and the only other remedy for a false return is an action for damages by those aggrieved.

The supplemental return before this court was properly made by the board of trustees in office at the time the return was made, regardless of the change of personnel, since the board is a continuing body, has control of the records, and is the proper one to make such a return. (*Matter of Tax against Tiffany & Co.,* 80 Hun, 486; *People ex rel. Gambling* v. *Cholwell,* 6 Abb. Pr. 151; *People ex rel. Lester* v. *Eno,* 176 N. Y. 513.)

In view of the foregoing, the good faith of the board presents an irrelevant inquiry. The return made by the board, which alone can be considered upon this appeal, is conclusive (*People ex rel. City of New York* v. *O'Toole,* 146 App. Div. 133), and it happens apparently to be the fact that if the supplemental return had been made by the original board, which included the two *amici curiæ,* the supplemental return which would have been made by the majority of that old board would be the same as the supplemental return which has been made by the new board. It would, therefore, appear as a practical fact that if the old board had made the return, it would have been equally distasteful to the minority, Preston and Stuart, the *amici curiæ* in this proceeding, and that, therefore, the views of the *amici curiæ* would not be before the court and could not be considered by way of sustaining the action of the board on the petition presented for the annexation election.

Accordingly, since the remedy of certiorari has already been approved by this court (*Abell* v. *Hunter,* 211 App. Div. 467, 473),

and since the supplemental return establishes the invalidity of the board's action in authorizing the annexation election, which supplemental return superseded the original return and precludes this court from considering the original return, I am of the opinion that the determination of the board of trustees in favor of the annexation petition, and the annexation, should be annulled, and the certiorari order sustained, without costs.

LAZANSKY, P. J., RICH, YOUNG and SEEGER, JJ., concur.

Determination of board of trustees in favor of the annexation petition, and the annexation, annulled, and certiorari order sustained, without costs.