JOSEPH LA PORTO et al., Respondents, *v.* VILLAGE OF PHILMONT, Appellant, and TOWN OF CLAVERACK, Intervenor-Respondent.

Third Department, December 5, 1974.

*Sullivan, Rehfuss & Cunningham* (*John W. Rehfuss* of counsel), for appellant.

*Meadow, Ruf & Lalor* (*Seymour Meadow* of counsel), for respondents.

*Matthew H. Bowcock* for intervenor-respondent.

HERLIHY, P. J. The issues presented to the trial court and again raised upon this appeal are whether the boundaries set forth in the original incorporation of the Village of Philmont are and remain the boundaries of the village or whether a certain map and description of boundaries filed with the Secretary of State in 1911 are controlling as to the boundaries of the said village.

The trial court did not reach the merits of the proceeding, but instead, determined that the matter should be submitted to the Board of Supervisors of the county in which the village is located pursuant to section 359 of the former Village Law (repealed and recodified pursuant to chapter 892 of the Laws of 1972, which recodification entirely omits any comparable provisions of former section 359). An examination of former section 359 of the Village Law does not disclose that any of the provisions thereof relating to when a boundary dispute would be a proper matter for submission to the County Board of Supervisors are applicable in this case.

Upon examination of the various statutes, it does not appear that there was any intent on the part of the Legislature to

change the territorial limits of the villages as they existed prior to the enactment of chapter 205 of the Laws of 1911 but rather that the requirement of thereafter filing a map and appropriate description was for the purpose of a central location of such documents in regard to such villages as had not been required theretofore to file such maps in order to perfect incorporation. There is nothing about a filing pursuant to chapter 205 of the Laws of 1911 as either would or could establish boundary lines for a duly incorporated village which would be different from that established at the time of such incorporation.

In the instant case, the dispute between these parties is not so much over where precisely the village boundary lines are drawn, but, rather, over whether the village's acquiescence in the mistake for a period of over 60 years is conclusive as to its rights with respect to that land. Thus, one may conclude that section 359 of the Village Law was never really controlling upon this set of facts in the first place.

Since section 359 of the Village Law has been repealed, the only remedy left to the village now is a judicial remedy, that is, appellate review in this court, and because the operative facts have been stipulated, the consideration is purely a question of controlling law.

The village maintains that its territory could not legally have been reduced by the mistaken description submitted in 1911 as the taxpayers and the town allege because in section 349 of chapter 64 of the Laws of 1909, as amended by chapter 275 of the Laws of 1921 (now § 18–1804 of the Village Law), the procedure by which the boundaries of a village may be diminished is clearly set out. Under section 349, the boundaries of a village may be diminished only through adherence to a lengthy, detailed and complicated procedure, the touchstone of which is approval by the voting residents at the next annual village election or, alternatively, at a special election called specifically for that purpose. Accordingly, the boundaries as described in the incorporation of 1892 must control as a matter of record and statutory interpretation.

However, the plaintiffs and the intervenor contend that, because the village had, for at least some 45 years last past, acquiesced in a boundary line not including the plaintiffs' properties, the village is estopped from asserting its original and true boundary lines. This contention is primarily based upon decisions of the United States Supreme Court relating to boundary lines as between States, which decisions have no

relevance to the present case. Statutes of the State of New York spell out the method of incorporating a village and, upon the present record, the original boundaries of such village must control unless it is established that they have been hereafter changed according to procedures duly permitted by statute. In the present case there is no showing of such change and, accordingly, there can be no basis for a change in boundaries by a form of estoppel. (See *Abell* v. *Hunter*, 211 App. Div. 467, affd. 240 N. Y. 702; cf. *Town of Guilderland* v. *Swanson*, 29 A D 2d 717, affd. 24 N Y 2d 872.)

In this proceeding the appellant has cross-claimed for a declaratory judgment stating that the boundaries as shown in a certain map apparently prepared at the time of incorporation in 1892 are the true and correct boundary lines of the village. Inasmuch as this proceeding was tried on stipulated facts and was brought primarily because the plaintiffs sought to avoid the imposition of village taxes, it does not appear that the grant of such relief as requested by the cross claim would be appropriate and, indeed, might be premature.

The order and judgment should be reversed, on the law, without costs, and the complaint and cross claim dismissed.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Order and judgment reversed, on the law, without costs, and complaint and cross claim dismissed.