## SUPREME COURT.

THE PEOPLE *ex rel.*.JEROME HILL agt. GEORGE S. COLLINS and MILTON VAN VOORHES.

An action under section 432 of the Code, in the nature of a *quo warranto*, by the people on the relation of a person claiming title to the office of *trustee of a school district*, will not lie, where that question has been presented to the superintendent of public instruction and decided by him adverse to the relator. The act of 1864, relating to public instruction, makes the decision of the superintendent on that question final.

*Monroe Special Term, June,* 1867.

*Present,* E. DARWIN SMITH, *Justice.*

MOTION to dissolve injunction.

In this case, an injunction had been granted by a county judge, restraining the collection of a tax for school purposes, levied and imposed by Collins, as trustee of the school district. Defendant Van Voorhes was the collector of the district, and was proceeding to enforce such tax.

The motion was to dissolve the injunction.

W. H. ADAMS, *for defendant.*

H. H. WOODWARD, *for plaintiff.*

E. DARWIN SMITH, Justice. This is an action under the Code (§ 432), brought by the attorney general in the name of the people upon the relation of Jerome Hill, to try the title of the defendant Collins to the office of trustee, and of the defendant Van Voorhes to the office of collector of school district No. 9, in the town of Victor, county of Ontario. Such action is a substitute for the writ of *quo warranto,* and may be brought when any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise, within this state. The only issue which can be raised or tried in the action is the title to the office, and the only judgment which can be rendered will be

one affirming the relator's title to the office, and of ouster as against the defendant; or of dismissal of the complaint, if the people fail in the action. The question, whether the relator or the defendant Collins is the legal trustee of said school district, has been presented to the superintendent of public instruction, been passed upon by him, and expressly adjudicated in favor of the defendant, in a decision made by him on the 18th day of February last. This decision covers the whole question which can be tried and decided in this action; and the question presented to this court is, whether this action will lie to review such decision of the superintendent, or notwithstanding such decision.

I have no doubt this decision is binding and conclusive upon these parties, and that this action cannot be maintained. The legislature clearly intended that all questions relating to the holding of school district meetings, and any and all official acts of school officers, trustees, commissioners, supervisors or others, relating to the conduct of common schools, or concerning any matter, act or duty required or performed under the law providing for the organization and maintenance of common schools, or any law relating or pertaining thereto, should or might be presented on appeal to the superintendent of public instruction, and should be decided by him, and, when so decided, the act, section 1, title 12, of the act of 1864, relating to public instruction (*Sess Laws p.* 1244), expressly declares that the "decision of such superintendent shall be final and conclusive, and not subject to question or review in any place or court whatever." I have no doubt this is a valid act, and that the legislature had ample power to pass it. It was designed to save and prevent litigation in the courts in respect to the many questions of dispute constantly arising in the school districts of the state, in respect to school officers, and the conduct of such officers in the management and control of the affairs of the common schools. It seems to me that it was a wise and judicious provision to settle school controversies promptly and summarily, and save districts and district officers the

trouble, vexation, strife and expense of litigation in the courts. But if it were otherwise, the courts are bound to obey the law, and refrain from any review of the proceedings or decisions of the superintendent. The superintendent has decided that the defendant is the lawful trustee of this school district, and that decision must end this controversy. His decision is final, and the parties must submit to it. Such decision disposes of all the questions which can be litigated in this action, and leads to the conclusion that the injunction must be dissolved, and it is dissolved, with costs to abide the event.