In the Matter of the Application of GRACE T. CARTER and Others, on Behalf of Themselves and All Other Teachers of UNION FREE SCHOOL DISTRICT No. 7 OF THE TOWN OF CHEEKTOWAGA, ERIE COUNTY, NEW YORK, Similarly Situated, Petitioners, Respondents, for an Order against EDWARD KALAMEJSKI and Others, Constituting the Board of Education of the Union Free School District No. 7 of the Town of Cheektowaga, Erie County, New York, Appellants.*

Fourth Department, January 5, 1939.

*Revg. 169 Misc. 73.

*Philip Halpern* [*M. H. Friedman* and *Emil L. Cohen* with him on the brief], for the appellants.

*James O. Moore* [*Harold B. Ehrlich* with him on the brief], for the respondents.

SEARS, P. J.   The petitioners held positions as teachers in the Union Free School District No. 7 in the Town of Cheektowaga. All of the petitioners, except Catherine Quinn, have been continuously employed under contracts as teachers in the district for three or more years previous to July 1, 1937, and Catherine Quinn was likewise employed for two years previous to July 1, 1937. Union Free School District No. 7 has a population of more than 4,500 inhabitants.   The Legislature at its 1937 session enacted an amendment to the Education Law (Laws of 1937, chap. 314) which inserted in it a new section (section 312-a), the construction of the first two subdivisions of which is the subject of this appeal.   Subdivisions 1 and 2 of section 312-a of the Education Law as enacted are as follows:

" 1. Teachers, principals, supervisors and all other members of the teaching and supervising staff shall be appointed by the board of education of a union free school district having a population of more than forty-five hundred inhabitants and employing a superintendent of schools, upon the recommendation of such superintendent of schools, for a probationary period of three years. Provided, however, that the board of education in any such union free school district, within the provisions of this act, may upon the recommendation of the superintendent of schools, appoint for a probationary period of one year, any teacher, principal, supervisor, or other member of the teaching and supervising staff, who has been employed continuously by said board of education for the three years last preceding the date when this act becomes effective. The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education.

" 2. At the expiration of the probationary term of a person appointed for such term, subject to the conditions of this act, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient, and satisfactory. Such persons, and all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act, shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for any of the following causes: (a) insubordination, immoral character or conduct unbecoming a teacher; (b) inefficiency, incompetency, physical or mental disability, or neglect of duty."

The law became effective on July 1, 1937. At the time the law became effective all of the petitioners held contracts for one year's teaching service, expiring at the end of June, 1937. On May 3, 1937, the day of the enactment of the law, the board of education held a meeting and adopted a resolution granting " permanent tenure " to all of the petitioners, except one, Alice Hyland. On May 8, 1937, after the adoption of this resolution, each of the petitioners received a written contract for service for the school year 1937–1938. The contracts bore the heading, " Depew Union Schools, Teacher's Contract with tenure of position." Previously, on March 15, 1937, the board of education at a meeting adopted a resolution accepting the recommendation of the superintendent of schools relative to the rehiring of teachers, and directed that contracts be issued in accordance therewith. All the petitioners continued under contracts through the school year which terminated June 30, 1938, in the teaching positions which they had previously held. On May 16, 1938, the superintendent of schools reported to the board of education as to the competency, efficiency and satisfactory work of all the regular teachers, including the petitioners, and recommended that they receive " appointments on tenure." Thereupon the board of education adopted a resolution appointing the recommended teachers " on tenure " and directed the president and secretary of the board of education to execute notices of permanent tenure to all of the teachers appointed including the petitioners. This was done, the certificates being dated May 17, 1938. On August 8, 1938, there having been by that time a change in the personnel in the board of education, the board of education held a meeting and rescinded the resolution adopted by the board of education on May 16, 1938, made certain appointments on probation but did not include the names of the petitioners in any of its appointing resolutions. On the contrary, the board of education

adopted a resolution that the services of the petitioners be dispensed with. None of the petitioners had ever received an appointment for a ",probation period." On these facts, under the quoted law, the petitioners contend that they are entitled to hold the positions which they held during the year 1937–1938, permanently " by appointment on tenure." Their contention is, in brief, that they are entitled to such positions by reason, particularly, of the language of the second sentence of the second subdivision of the section on the theory that although they may not be persons who have served the probationary term as specified in the subdivision 1, and, therefore, not within .the description of " such persons " as those words are used at the beginning of the second sentence in subdivision 2, they fall within the description of " all others employed in the teaching, examining or supervising service of the schools of such union free school district, who have served the probationary period as provided in this act." The difficulty in this appeal lies in the interpretation of the last quoted words.

The petitioners contend that the phrase " probationary period as provided in this act " relates to the term of service of the teacher and has nothing to do with the nature of such service — that is, whether " probationary " in character or under a contract for a limited term.

The appellants on the other hand contend that the words " probationary period as provided in this act " as well as the words " probationary term " relate rather to the character of the appointment or employment as probationary, than to the length of service.

To reach a conclusion on these opposing contentions, consideration must be given to both subdivisions 1 and 2 of section 312-a and they must be construed in the light of the purpose sought to be attained, for only in this way can the intention of the Legislature be discovered.

The purpose of the section was to provide for a change in the tenure of teachers and other employees in the schools of the specified districts from a system of tenure by contract terminating automatically at the expiration of the contract, to one of permanence. A system of permanent tenure had already been put into effect in cities by section 872 of the Education Law. That law provided, as does the one here involved, for probationary periods of employment before permanency of tenure resulted. During the probationary period an incumbent of a position in the school service may be discharged by the board of education upon the recommendation of the superintendent without being entitled to a hearing. The discharge is summary. Under section 872, the probationary term was to be fixed by the board of education at not less than one

nor more than three years. Under the provisions of the section which we are examining the probationary period is fixed at three years. Immediately following the sentence fixing the probationary period at three years, however, a proviso is included which permits the board of education to fix a probationary period of one year upon the recommendation of the superintendent for those teachers, principals, supervisors or other members of the teaching or supervising staff who have been employed continuously by the board of education for three years before the 1st day of July, 1937. Thus we have an all-inclusive provision in the first subdivision to the effect that all teachers and other employees in the schools in these union free school districts shall be appointed for a probationary period of either three years or one year. None of the petitioners, as already stated, has been appointed for a probationary period of either duration. They do not come within the terms of the first subdivision of this section as teachers who have served a probationary period.

In the act relating to cities (section 872) there is, in the third subdivision of that section an exception. In that subdivision it is provided that not only the persons who have served the probationary period but also " all others employed in the teaching, examining or supervising service of the schools of a city who have served the full probationary period, *or have rendered satisfactorily an equivalent period of service prior to the time this act goes into effect* shall hold their respective positions during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing by the affirmative vote of a majority of the board." Equivalent language does not remain in the section we are examining. The words " probationary period " or " probationary term " are used consistently in section 872 as referring to the period served by an incumbent while under an appointment on probation during which the incumbent is subject to summary removal. It is significant that the words " probationary period " and " probationary term " are used in section 312-a. It is significant, too, that in the second subdivision of section 312-a the words relating to an equivalent period of service are entirely omitted. Only those who serve a " probationary period," or " probationary term " are by the provisions of the statute eligible to appointment on permanent tenure. If the contention of the petitioners to the effect that " probationary period " in the second subdivision of section 312-a refers only to a length of time, one or three years (not definitely stated which), then the term " probationary period " is given a different interpretation in different parts of this section 312-a. Consistency of phrase is disregarded. Further, the inter-

pretation which the petitioners contend for, namely, that persons who have served one or three years immediately before July 1, 1937, are entitled to permanent tenure, a conflict occurs between the first and second subdivisions of the section. Under the petitioners' interpretation, there is no reason for the one-year probationary period for teachers who have already served three years. They, according to petitioners, have already earned permanent tenure. We cannot believe that the omission of the language used in section 872 providing for permanent tenure for those who have served an equivalent period is without significance, and we conclude that the phrases " probationary period " and " probationary term " throughout section 312-a are consistently used and relate only to a period of service under a probationary appointment as provided under the first subdivision of the section. We are strengthened in this view by the legislative history of this enactment. When the bill to accomplish the purpose of introducing permanent tenure in these union free schools was introduced in the Legislature, it was modeled on the language of the city provisions contained in section 872. Opposition developed to the proposal in respect to making eligible to permanent tenure those who had served satisfactorily a period equal in length to that required for probation and the bill did not advance toward passage until after conferences and to meet this opposition the language was rewritten so as to leave out the language as to service for an equivalent time which occurs in section 872. The petitioners argue that the omission of those words wrought no change and that the statute as enacted is in all respects equivalent to what it would have been if the provision for equivalent service had been included, and that the change after the conferences in the omissions of these words, resulted in no change at all but that the statute is of the same meaning with or without the omitted language. It is, of course, difficult to say why the words " and all others employed in the teaching, examining or supervising service of the schools of such union free school district " were allowed to remain in the section. They do no harm but they add nothing to the words " such persons." We conclude that they are a mere vestige of the language used by the draftsman in originally adapting to the union free schools the provisions of section 872 and that they have lost their force with the elimination of the necessary explanatory or limiting language. Any other interpretation brings conflict between the two subdivisions, strains the interpretation of the language employed and overlooks the distinction brought about by the different phraseology used in section 312-a from that used in section 872. The

construction which requires all persons to serve a probationary term, no matter what their previous service may have been, will result, we believe, in a better school system. Employment under a contract is employment for a definite time and does not necessarily contemplate a renewal; employment for a probationary period under this section, looks to qualification for permanence. It is perfectly reasonable to require that all shall have undergone such probation.

We reach the conclusion, therefore, that the order should be reversed on the law, without costs, and the proceeding dismissed, without costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNING-HAM and DOWLING, JJ.

Motion to strike out parts of respondents' brief denied, without costs. Order reversed on the law, without costs, and proceeding dismissed, without costs.