GERALD E. WALCOTT, Respondent, *v.* W. ROY FISHER et al., Constituting the MADRID CENTRAL SCHOOL BOARD, DISTRICT No. 1 OF THE TOWN OF MADRID IN ST. LAWRENCE COUNTY, Appellants.

Third Department, November 10, 1948.

*Crapser & Crapser* for appellants.

*Richard C. Algie* for respondent.

BREWSTER, J. Defendants appeal from an order denying a motion to dismiss the complaint for its failure to state facts sufficient to constitute a cause of action.

The complaint purports to plead a cause of action for the breach of a contract of employment. The contract alleged consists, (1) of a written notification under date of March 22, 1947, sent to plaintiff, and which recited as follows:

" This is to notify you that upon recommendation of the Principal and District Superintendent of Schools, with the approval of the Board of Education, you have been granted probationary appointment to the faculty of the Madrid Central School System in the Science (High School) area, Beginning September, 1947.

"Your salary for the school year 1947–1948 will be Thirty-two hundred dollars ($3200.00).

Very truly yours,

DONALD CONNOR

Principal 1947–1948

Please cut off and return your acceptance below."
and, (2) the immediate return, to the sender of the aforesaid notification, of plaintiff's signed acceptance thereof. The complaint pleads, as the breach of the contract alleged, (1) the cancellation of plaintiff's aforesaid appointment which was evidenced by the following communication addressed to him under date of August 20, 1947, and personally served upon him four days later, viz.:

"MR. GERALD WALCOTT

Madrid, New York

Dear Mr. Walcott:

At a meeting of the Madrid Central School Board it was regularly moved, seconded and unanimously carried that your appointment as science teacher in the Madrid Central School for the School year 1947–1948 be cancelled as of the date of the meeting, August 19, 1947. This resolution had the approval of the District Superintendent as indicated below.

Yours truly,

GEORGE E. BUSH,

Clerk

Approved by C. B. OLDS

District Superintendent "

and (2) that plaintiff was afforded no opportunity by defendants to fulfill his duties under his engagement although he was "ready and willing" to do so, and in substance that by reason of the premises aforesaid, plaintiff was unable to secure regular employment in his profession for the school year 1947–1948, and was thereby damaged to the amount of his prospective salary less $144 house rent which defendants furnished him.

Plaintiff concedes that the tenure provisions of section 3013, of the Education Law, were applicable as regards his aforesaid appointment. To uphold his cause of action his contention is that his accepted appointment, although probationary, constituted a binding contract until the probationary period began even though when begun the contract would terminate by force of the aforesaid provisions of the statute. In that connection

he contends that the probation period of his appointment did not and could not begin until the time for the commencement of his service thereunder in September, 1947, which was subsequent to the pleaded breach of the alleged contract. Stated differently, plaintiff contends that his accepted appointment was a contract which bound the defendant to allow it to become effective when his service was called for in September, 1947.

The purpose of the tenure provisions of the Education Law providing that the selection of teachers and other school employees shall be by appointment for probationary terms, which may be succeeded by an appointment to a tenure which is permanent except by removal for cause, " was ", it has been held, " to provide for a change in the tenure * * * from a system of tenure by contract terminating automatically at the expiration of the contract, to one of permanence."; and that during the probationary term a discharge may be summary. (*Matter of Carter* v. *Kalamejski*, 255 App. Div. 694, 697, affd. 280 N. Y. 803.) Thus in the kind and class of school districts to which the statutory provisions as to the latter kind of tenure is applicable, it can but be that the power of the governing body to enter into a contract of employment has been abrogated. The defendant Board of Education is a municipal body corporate (Education Law, § 1804, subd. 1; § 1701), and the enumeration and definition of its powers are, by reference, (Education Law, § 1804, subd. 1), found in section 1709 of that statute wherein the only power given to *contract* for the employment of teachers is found in subdivision 16, and there it is given subject to pre-scribed exceptions, and only in accordance with section 3011, and both the latter section and said subdivision 16 deny such power to the governing body of those districts wherein the noncon-tractual tenure provisions are applicable. Therefore, as to any such contract as the plaintiff has endeavored to plead it seems clear the defendant was without power to make it. The statutes aforesaid in their careful and detailed enumeration of dele-gated powers contain no such authority either expressly, or, as it seems to me, by necessary implication.

Furthermore, the power to discontinue service at any time during the probationary period seems to imply a power to do away with such an appointment at any time after it has been made. In the new arrangement for the selection of teachers whereby the system of employment by contract has been abro-gated, wide power has been given to the named authorities as to a summary discharge during the probationary period of appoint-ment. The statute places no limit upon their discretion.

Implied in such a grant of power would seem to be the incidence of cancelling the probationary appointment before actual service thereunder was called for, and that, for the purpose of cancellation, the probationary appointment might be deemed in effect when made. As good cause for such early cancellation, in the interest and future welfare of the school, might develop then as upon the first day of the school year.

The order should be reversed and motion to dismiss the complaint granted, without costs.

HEFFERNAN, FOSTER and RUSSELL, JJ., concur; HILL, P. J., dissents.

Order reversed, on the law and facts, and motion to dismiss complaint granted, without costs.