*950 The petition fails to allege any fact which shows respondents acted in bad faith or contrary to law. It must be assumed that when the Legislature in 1945 enacted section 3013 of the Education Law it was aware of the repeated decisions by the Commissioner of Education, as well as the expressions in judicial opinions, that unlimited discretion was vested in a board of education, in a district of the character here involved, by identical provisions of law enacted in 1917 and in 1937, now found in sections 2523 and 3012 of the Education Law. (Matter of Liebler, 64 N. Y. St. Dept. Rep. 206; Matter of Payne, 42 N. Y. St. Dept. Rep. 382; Matter of Coleman, 22 N. Y. St. Dept. Rep. 322; Matter of Bomar v. Cole, 177 Misc. 740; Matter of Carter v. Kalamejski, 255 App. Div. 694.) (See, also, Walcott v. Fisher, 274 App. Div. 339, affd. 299 N. Y. 688.) Present — Eolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ. [See post, p. 964.]