■ In the Matter of LILY NYBOE, Appellant, against JAMES E. ALLEN, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from an order of the Supreme Court, Albany County Special Term which dismissed this article 78 proceeding upon the merits. Appellant was employed by the respondent Board of Education on a part-time basis for a period of one year commencing July 1, 1948. Her yearly contract was thereafter renewed seven times. Until July 1, 1952 she was employed to teach two days a week, and three days a week thereafter until June 30, 1956, and on the latter date her services were terminated. No charges of incompetency or misconduct were made against her. During the annual periods she was employed she taught music on stringed instruments. Appellant contends that her discharge was unlawful in that she was entitled to protection of the tenure section of the Education Law. She elected to appeal to the Commissioner of Education and the latter dismissed her appeal, holding that part-time instructors are not under the protection of the tenure law (Education Law, § 3013). He also held that a part-time teacher was not entitled as a matter of law to appointment as a full-time teacher where a part-time program in a given field had been converted to a full-time program. Appellant was not obliged to appeal to the Commissioner of Education and could have brought her controversy to the courts, but having elected to do so she is bound in our judgment by the decision of the commissioner unless his decision was so arbitrary and capricious that it cannot be sustained, and we do not find it to be so. Under section 310 of the Education Law the commissioner's decision on a controversy wholly within the educational system of the State is ordinarily final and conclusive. There are a long line of authorities to this effect (*People ex rel. Hill* v. *Collins*, 34 How. Prac. 336 [1867]; *People ex rel. Light* v. *Skinner*, 159 N. Y. 162, 166; *People ex rel. Board of Education of City of New York* v. *Finley*, 211 N. Y. 51; *Barringer* v. *Powell*, 230 N. Y. 37). There is another rule which also has direct application. Assuming that the tenure section is susceptible to two constructions: (1) that it embraces part-time teachers (2) that it does not embrace such teachers; it is equally apparent that the commissioner's decision should be upheld. The interpretation of a statute by an administrative agency charged with its enforcement and administration is always given great weight. This rule is all the more persuasive and desirable where the entire school system of the State has followed over a period of years an administrative interpretation, such as the one involved here, and adjusted the appointments of teachers thereto. The cases cited as authorities by appellant do not relate to section 3013 of the Education Law and are based on other sections and different sets of facts and hence have no persuasive or decisive bearing on the case at bar. Order affirmed, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.