### January 12, 1960

■ In the Matter of HELEN K. BOYD, Appellant, against JOHN COLLINS et al., Constituting the Board of Education of Central School District No. 1, Town of Indian Lake, Respondents.— Appeal from an order of a Special Term of the Supreme Court, Hamilton County. Petitioner is a teacher with 35 years service, and has acquired "tenure" within section 3013 of the Education Law. Complaints having been made concerning her teaching to the respondent Board

of Education in October, 1956, petitioner and the members of the board entered into an arrangement by which it was agreed if no charges were entertained by the board petitioner would receive her full salary until the end of the school year in June, 1957 without teaching; would receive a letter of recommendation; and would resign. Her salary was paid for the rest of the school year; petitioner did not teach; but, since the letter she received was merely a statement of fact and not a "recommendation", she refused to resign and demanded restoration to her position at the beginning of the Fall, 1957 school term. The board refused to comply and this article 78 of the Civil Practice Act proceeding seeks the restoration of petitioner to her teaching position and the payment of salary beginning with the Fall term of 1957. Final order has been entered after a trial before a Referee dismissing the petition on the merits, on the ground, among others, that a valid contract was entered into between the parties that petitioner resign. We are of opinion the parties could not enter into such a contract within the frame of the statute or consistently with public policy. A teacher having tenure must be continued in her position unless removed on charges under statutory proceeding and with a statutory review. (Education Law, § 3013.) An agreement may not be made under which public money would be paid without services rendered on condition that charges be withheld and the teacher resign. Both constitutional and statutory obstacles would bar such an agreement. It is argued that petitioner is estopped from asserting that the contract is invalid; but such an estoppel, if it could be invoked in a matter so affecting public policy, would arise only if the respondents had performed their part of the bargain. We do not read the letter furnished petitioner as a letter of recommendation. It merely recites the bare facts of her teaching history and status which are matters of public record. It does not recommend her. We think petitioner is entitled to be restored to her teaching position. How much she would be entitled to in salary for the period from the Fall of 1957 when she made demand until restoration to her position would depend on whether she was in fact ready, able and willing to resume teaching in September, 1957 and if she was, the amount of her earnings, if any, during such period are questions which cannot be adequately determined on this record. Final order modified on the law and the facts by directing that petitioner be restored to her position as teacher; and by remitting the proceeding to the court at Special Term to determine under relevant rules of law the amount, if any, petitioner is entitled to be paid in salary during the period in issue, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.