Isadore Bookstein, J.
In this action, plaintiff moves for summary judgment for the relief demanded in the complaint.
Subdivision 2 of section 64 of the Town Law provides that a town “may, upon the adoption of a resolution, convey real property in the name of the town, which resolution shall be subject to a permissive referendum.”
Defendants constructed a causeway over a pond owned by plaintiff town.
It appears without contradiction that the Town Board never passed any resolution granting an easement to defendants in and over the pond owned by it and there has never been any referendum on any such resolution.
It also appears, without contradiction, that defendants constructed the causeway upon oral permission of the Supervisor of the town and the Town Superintendent of Water, who actually exercised some degree of control over the construction of the causeway.
The defendants assert that, under the circumstances, plaintiff should be estopped from asserting the claim made by it in this action.
Were this a contest between individuals, it would appear that the doctrine of estoppel would be a good defense to the action.
The situations are rare, but there are some in which the doctrine has been sustained against municipal corporations. (Cf. Rason Asphalt v. Town of Oyster Bay, 6 A D 2d 810.)
If it were conceivable here that the doctrine of estoppel would be applicable, even if the Town Board had not passed a resolution conveying an easement in its real property to defendants, the failure to have a referendum is fatal to the defense of estoppel.
Even if the individual acts of the Supervisor and the Town Superintendent of Water could be held to be an estoppel so far as the Town Board is concerned, which is highly doubtful, no acts of theirs or even of the Town Board could destroy or waive the rights of the voters of the town from voting in a referendum as to whether or not the grant should be made. *400 The result here is harsh indeed but it seems to me inescapable. The grant here was completely beyond the power' of the Town Board, without a ratification at a referendum. (Cf. Paul v. Seattle, 40 Wash. 294, 300.)
In City of Princeton v. Princeton Elec. Light & Power Co. (166 Ky. 730, 741) the court said: “ The persons who contract with municipal corporations must, at their peril, know the rights and powers of the officers of such municipalities to make contracts and the manner in which they must make them. Any other rule would destroy all the restrictions which are thrown around the people of municipalities for their protection by the statute laws and the constitution, and would render abortive all such provisions. The rule in certain instances may be harsh, but no other is practical.”
Unfortunately for defendants, such is the precise situation here. See, also, City of New York v. Wilson & Co. (278 N. Y. 86) wherein the court says at page 96: “ Moreover, statements of city officials do not estop the city”. (Cf., also, City of Geneva v. Cayuga Oil Co., 135 Misc. 673.)
This court is constrained to grant plaintiff’s motion for the relief demanded in the complaint and to dismiss the counterclaim of the defendants.