■ In the Matter of PLACIDIO ALFIERI, Petitioner, v PATRICK V. MURPHY, as Police Commissioner of the Police Department of the City of New York, et al., Respondents.—Determination of respondent Police Commissioner, dated August 18, 1971, confirmed and the petition dismissed, without costs and without disbursements. Initially, it is noted that respondent's determination is supported by substantial evidence. In respect of the sanction imposed, to wit, dismissal from the police force, it may not be said that this punishment is so disproportionate to the offense as to shock one's sense of fairness. It is aptly cited in the dissent that "A police officer is guilty of serious fault when he does an act even without evil intent which tends to destroy confidence in his integrity and honesty" *(Matter of Roge v Valentine,* 280 NY 268, 280). Confidence in a police officer's integrity and honesty patently constitutes a "supervening public interest" sufficiently compelling under the circumstances herein to justify the disciplinary sanction imposed. Petitioner acted in the manner of a shoplifter and such conduct tends to destroy public confidence in the integrity and efficiency of the police. This conduct must be viewed in the context not only of the "failure or turpitude of the individual," but also of "the harm or risk of harm to the agency or institution, or to the public generally" *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 234). "Paramount too, in cases of sanctions for agencies like the police, is the principle that it is the agency and not the courts which, before the public, must justify the integrity and efficiency of their operations" *(Matter of Pell, supra,* p 235). Concur—Stevens, J. P., Lupiano, Capozzoli and Lane, JJ.; Murphy, J., dissents in part in the following memorandum: I would modify respondent's determination to the extent of reducing the sanction imposed to a suspension, rather than dismissal from the police force. Petitioner, a 15-year veteran of the police department, with an otherwise satisfactory service record, was charged with wrongfully taking merchandise of the value of $4.17 from a Nassau County department store without paying for same. Criminal charges lodged against petitioner were withdrawn. Petitioner denied the single charge and specification filed against him, but the hearing officer chose to credit the store's security officer. Respondent's choice between the conflicting evidence presented is supported by substantial evidence and, therefore, must be confirmed. *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222; *Matter of Sowa v Looney,* 23 NY2d 329; *Matter of Stork Rest. v Boland,* 282 NY 256.) My primary concern in this case, however, is the severity of the penalty imposed-dismissal. Justice Stevens, while sitting on the Court of Appeals, recently reviewed, in a comprehensive and well-reasoned opinion, the policies, factors and guidelines to be applied in reviewing determinations

of, including disciplinary sanctions imposed by, administrative agencies. (See *Matter of Pell, supra.)* Though recognizing that "sensitive distinctions" must be drawn between the various agencies, Justice Stevens nevertheless reaffirmed the obligation of our courts to exercise "a persisting discretion * * * to avoid unnecessary hardship to erring human beings not compelled by a supervening public interest." *(Id.,* p 241.) The standard test to be applied for reviewing punishment in disciplinary proceedings is still: Is "the measure of punishment or discipline imposed * * * so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness"? *(Matter of Stolz v Board of Regents of Univ. of State of N.Y.,* 4 AD2d 361, 364.) In the instant proceeding, petitioner was found "guilty" of "stealing" $4.17 worth of merchandise while off duty and outside the city. Petitioner was not charged with dereliction of duty or any offense involving his conduct as a police officer. While the absence of any proven line-of-duty misconduct is not necessarily a determinative factor, since "A police officer is guilty of serious fault when he does an act even without evil intent which tends to destroy confidence in his integrity and honesty" *(Matter of Roge v Valentine,* 280 NY 268, 280), I nevertheless believe it is a factor to be considered, with all other relevant circumstances, in reviewing petitioner's fitness to retain his position and respondent's determination. In sum, under all of the circumstances presented here, I am of the view that the discipline imposed by respondent Police Commissioner was too severe as a matter of law, and should be reduced to a period of suspension terminating 30 days after the date of this decision.