■ In the Matter of ROBERT H. RAPP, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated March 11, 1975 and made after a hearing, which removed petitioner as Chief of the Transit Authority Police of the New York City Transit Authority, he appeals from a judgment of the Supreme Court, Kings County, dated May 28, 1975, which (1) granted the cross motion of respondent Metropolitan Transportation Authority to dismiss the complaint as against it, (2) denied the application and (3) dismissed the petition. Judgment affirmed, without costs. Under the facts of this case, we conclude that the punishment of dismissal was not so disproportionate to the offenses charged, and admitted by petitioner, as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Mamaroneck & Scarsdale,* 34 NY2d 222, 235; see, also, *Matter of Kutchera v New York City Tr. Auth.,* 37 NY2d 732; *Matter of Lederman v New York City Tr. Auth.,* 35 AD2d 996, mot for lv to app den 28 NY2d 489, mot for lv to reargue den 29 NY2d 749, cert den 405 US 995; *Matter of Alfieri v Murphy,* 47 AD2d 820). We have considered the other contentions raised by petitioner and found them to be without merit. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of DANA ROSENBERG, Appellant, v BOARD OF EDUCATION OF THE WESTBURY PUBLIC SCHOOLS et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review the respondent board of education's termination of petitioner's part-time employment as a teacher (the petition demands declaratory relief), she appeals from a judgment of the Supreme Court, Nassau County, entered February 21, 1975, which dismissed the petition. Judgment affirmed, without costs. We deem the relief sought to be a review of the determination to summarily dismiss petitioner and other related relief. We concur with the views of Special Term that part-time teaching service does not constitute probationary service for the purpose of acquiring tenure (see *Matter of Nyboe v Allen,* 10 Misc2d 895, affd 7 AD2d 822; *Matter of Zannitto,* 14 Ed Dept Rep 16; *Matter of Parker,* 12 Ed Dept Rep 96; *Matter of Sura,* 12 Ed Dept Rep 81; *Matter of Gates,* 12 Ed Dept Rep 194). Nor can it be argued that petitioner acquired tenure by acquiescence and estoppel by virtue of certain actions taken by school officials contrary to the provisions of the Education Law which she relies on. "Tenure by acquiescence and estoppel may only be acquired through actual service beyond the term of probation" *(Matter of Mugavin v Nyquist,* 48 AD2d 727, 728; see, also, *Matter of Gunthorpe v Board of Educ. of Union Free School Dist. No. 5, Town of Babylon,* 41 Misc2d 757). As noted earlier, the necessary actual service must be full-time employment. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of LOUIS T. VERDERESE, Petitioner, v OGDEN REID, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—Determination dated March 12, 1975 confirmed, and petition dismissed on the merits, without costs. We find that the determination under review is, on the entire record, supported by substantial evidence, lawful, and not arbitrary or an abuse of discretion, and that it should therefore be confirmed. Rabin, Acting P. J., Martuscello, Margett and Shapiro, JJ., concur.