Hon. Kenneth B. Wolfe County Attorney, Lewis County
This is in reply to your letter in which you seek this office's opinion as to whether a physician member of the medical staff of Lewis County General Hospital may be appointed to the Board of Managers of that hospital by the Lewis County Board of Legislators.
Section 126 of the General Municipal Law governs the establishment of public general hospitals and section 127 of the General Municipal Law governs the appointment and terms of office of the members of boards of managers of such hospitals. The powers and duties of the board of managers are set forth in section 128 of the General Municipal Law.
Among the powers and duties of the board of managers set forth in section 128 of the General Municipal Law are the following:
 "1. * * * It shall appoint a superintendent of the hospital, who shall not be a member of the board of managers, and who shall hold office at the pleasure of said board.
* * *
 "3. Fix the salary of the superintendent and the number and salaries of all other employees, within the limits of the appropriation made therefor by the governing board, and such salaries, together with maintenance when provided, shall be compensation in full for all services rendered. The board of managers may determine the amount of time required to be spent at the hospital by said superintendent in the discharge of his duties, and may also determine in what cases maintenance shall be provided for nurses and other employees of the hospital.
 "4. Provide for the medical care and treatment of all persons admitted to the hospital; and shall appoint and may at pleasure remove resident, visiting and consulting physicians and surgeons; and shall establish rules and regulations governing the service thereof.
 "5. Have the general superintendence, management and control of the said hospital and of the grounds, buildings, officers, employees and inmates thereof; and of all matters relating to the government, discipline, contracts and fiscal concerns thereof; and make such rules and regulations as may seem to them necessary for carrying into effect the purposes of such hospital; * * *"
The broad powers of the Board of Managers over the salaries and conditions of employment of any paid physician staff member of a public general hospital would clearly create a conflict of interest between the positions of member of the board of Managers and paid physician staff member. (See, e.g., Matter of Moritz v Board of Educ. of Gowanda Cent.School Dist., 60 A.D.2d 161, 169 [4th Dept, 1977]; Matter of Dykeman vSymonds, 54 A.D.2d 159 [4th Dept, 1976]; 1975 Op Atty Gen [Inf] 150.) The physician employee would be in a position to fix his own salary and to evaluate his own performance and this would create a prohibited conflict of interest.
If the physician staff member was not an employee of the hospital but merely contracted with the hospital for staff privileges, it is the opinion of this office that a prohibited conflict of interest would still arise if the staff physician was appointed to the Board of Managers of the hospital. This conflict would arise pursuant to section 801
of the General Municipal Law which provides, in part, that:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *."
The powers of the Board of Managers over any type of relationship with physician staff members of a public general hospital are so broad that it appears that the appointment of a physician with any type of contractural relationship, formal or informal, with the hospital would present a prohibited conflict of interest. It is, therefore, the opinion of this office that no physician member of the medical staff of Lewis County General Hospital may be appointed to the Board of Managers of that hospital.