OPINION OF THE COURT
Stephen A. Ferradino, J.
This action has arisen from a dispute over a franchise agreement. The defendants have previously moved to dismiss the complaint. In a decision dated January 4, 1996, the court granted an order denying the motion. The parties have now made a second round of motions. The plaintiffs have moved for an order dismissing the affirmative defenses, and granting summary judgment against defendant Oakley. The defendants have moved to dismiss the complaint against defendant Business and Franchise Corporation of America (hereinafter BFCA) for lack of subject matter jurisdiction, or in the alternative, to compel arbitration of the claim asserted against BFCA and to stay the action against BFCA. In turn, the plaintiffs have moved to stay any arbitration required pending the outcome of the action against defendant Oakley, or in the alternative, for an order severing the claims as to BFCA or dropping BFCA as party, and directing that this action proceed as to defendant Oakley. Finally, the defendants have moved to reargue the prior motion. A narrative of facts may be found in the January 4, 1996 decision. The court will refer the parties to that decision, as no purpose would be served in repeating that narrative here.
The court will first address the plaintiffs’ motion to dismiss the affirmative defenses and for summary judgment against the defendants.
It is the plaintiffs’ position, generally, that negotiations between the franchisor and the prospective franchisee prior to the registration of the franchise is a violation of section 683 (1), (7) and (8) of the General Business Law. The defendants allege that the contacts between the parties did not amount to a sale within the meaning of those sections, and that any agreement to be reached in futuro would be conditioned on State approval of the franchise. Additionally, plaintiff Reed was a sophisticated business person who allegedly sought to benefit *661 from the franchise, and did not seek to rescind the franchise agreement until well after the franchise was properly registered with the State. On that basis, the defendants claim, in affirmative defenses, that the plaintiffs ratified the agreement, are estopped from claiming the protections of the General Business Law, possess unclean hands, are barred by the doctrine of laches, and assumed all risks of loss.
Though the precise issues sub judice have not been addressed in any published opinions in this State, the case of Matter of Southland Corp. v Attorney-General of State of N. Y. (148 Misc 2d 390) is of value in a determination of whether preregistration contacts are violative of the statute. In Southland,* Justice Elliott Wilk wrote (at 392): "By requiring registration before any offer can be made, the New York Franchise Act clearly prohibits all contractual discussions between a franchisor and a prospective franchisee prior to the filing of a prospectus.”
The offering prospectus in this case was effective December 30, 1992, and supplied to the plaintiffs well after discussions began. The negotiations were wilfully made in that they were voluntary and intentional and not inadvertent (Matter of Forbes, 181 AD2d 956). The only available conclusion is that the defendants violated the Franchise Sales Act as a matter of law.
Having so found, the question remains as to whether the defendants’ affirmative defenses, based upon equitable principles, preclude the plaintiffs from relying upon the protections afforded by statute. The court concludes that they do not.
As the trial court and both appellate courts which considered the case of Temple Marble & Tile v Union Carbide Marble Care (162 Misc 2d 941, affd 214 AD2d 473, mod 87 NY2d 574) found, the Franchise Sales Act was enacted to combat abuses by franchisors. The Act was characterized by the trial court as an expression of "strong public policy” (162 Misc 2d, at 949, n 3). The Appellate Division, Third Department, in Matter of Boyd v Collins (10 AD2d 584) indicates, without stat *662 ing authoritatively, that when issues of public policy are involved, estoppel (at least) may not be available.
More direct evidence that the policy embodied in the statute does not permit the equitable defenses proffered lies in the statute itself. General Business Law § 687 (4) provides: "4. Any condition, stipulation, or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law * * * shall be void.” Section 687 (5) provides: "5. It is unlawful to require a franchisee to assent to a release, assignment, novation, waiver or estoppel which would relieve a person from any duty or liability imposed by this article.” If the statute prohibits specific contract provisions requiring the franchisee to contract away the franchisor’s potential liability, a court in equity should not entertain equitable defenses based upon the conduct of the franchisee, i.e., that which would normally give rise to defenses based upon unclean hands, estoppel, ratification, etc. To do so would serve to undermine the policy of controlling the abuses the Franchise Sales Act addresses.
Accordingly, the court will dismiss the affirmative defenses, and grant the plaintiffs summary judgment on the issue of liability.
Addressing the motion by the defendants to dismiss the complaint for lack of subject matter jurisdiction, or alternatively to compel arbitration of the claim asserted against BFCA and to stay the action against BFCA, the court finds it to be disingenuous. Previously, defendant Oakley moved to dismiss because BFCA was not a party. BFCA was made a party to this action so that relief could be granted to all interested parties. The defendants now point to an arbitration agreement which provides that the dispute between Ambient Information Management, Inc. and BFCA should be decided by an arbitrator in Connecticut, thus effectively removing BFCA as a party.
Characterization of the motion aside, Ambient and BFCA did agree to arbitrate, and arbitration as a remedy is not precluded by the Franchise Sales Act. However, BFCA appears to be insolvent, and any arbitration with that corporation appears to be an exercise in pure futility. The court will not order a futile act (Matter of Killough, 148 Misc 73; Senese v Senese, 121 NYS2d 498). Accordingly, the court will deny the motion to compel arbitration with the insolvent BFCA, but will grant leave to renew upon submission of proof that arbitration would not be futile. The plaintiffs’ motion addressed to arbitration is moot.
*663 Finally, without reaching the merits, the motion to reargue based upon the defendants’ objection to the wording of the court’s decision is denied. To permit such a ground for challenge would be to open the wording of opinions to microscopic examination in hopes of developing an appealable issue. Moreover, to recognize such a ground for reargument would have a chilling effect upon decision writing as courts would be reduced to self-censorship.

 The decision addressed the issue of whether the Franchise Sales Act (General Business Law art 33) prohibits postregistration negotiations between franchisor and prospective franchisee. The position of the Attorney-General, whose opinion on this issue is to be accorded substantial deference (Matter of Southland Corp. v Attorney-General of State of N. Y., supra, at 393), was that once a prospectus has been filed with the State, no negotiations can take place between the franchisor and the prospective franchisee which would deviate from the prospectus. Justice Wilk took a more flexible approach.